52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Julian Roger SANCHEZ, a/k/a Roger Sanchez, Petitioner-Appellant,
v.
William A. PERRILL, Warden, Respondent-Appellee.
 No. 94-1541.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Julian R. Sanchez, a federal prisoner, filed a pro se petition for writ of habeas corpus and a civil rights claim. The district court granted the defendant's motion for summary judgment. We affirm.
 
 
 3
 Mr. Sanchez, incarcerated in federal prison, was punished for giving money to a person for the purpose of committing a prohibited act, in violation of 28 C.F.R. 541.13, Table 3, Code 217. Mr. Sanchez alleges due process violations in the disciplinary procedings. Specifically, Mr. Sanchez claims his due process rights were violated because (1) he did not receive an incident report within 24 hours of the incident, (2) he did not receive a hearing within three working days, (3) he was subjected to double jeopardy by serving double segregation time, and (4) he lost his good time credit.
 
 
 4
 Mr. Sanchez's civil rights claim stems from a stomach disorder, which was being treated by physicians in the prison. The prison had even sent Mr. Sanchez to an outside gastroenterologist for a diagnosis. However, Mr. Sanchez alleges a violation of his Eight Amendment rights by the prison's failure to perform a telescopic examination to determine the exact nature of his stomach disorder.
 
 
 5
 The district court, relying in part on the magistrate's order, carefully and thoughtfully reviewed Mr. Sanchez's complaint. The district court determined the record contained insufficient evidence to sustain a claim that the Bureau of Prisons violated Mr. Sanchez's due process rights. The district court also determined a difference concerning a medical diagnosis does not constitute "deliberate indifference" under the Eighth Amendment. Mr. Sanchez appeals arguing the district court erred in failing to find a vested liberty interest in the regulations of the prison disciplinary board and that the district court erred in placing the burden of proof on him.
 
 
 6
 As this was a summary judgment order, we find no error with the allocation of the burden of proof. We AFFIRM the grant of summary judgment for substantially the same reasons given by the magistrate judge.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470