52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julian Roger SANCHEZ, a/k/a, Roger Sanchez, Defendant-Appellant.
 No. 94-1415.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Julian R. Sanchez, a federal prisoner, filed a pro se Fed.R.Crim.P. 35 (1986) motion with the district court challenging his sentence. The district court summarily denied Mr. Sanchez's motion to correct and reduce the sentence. We affirm.
 
 
 3
 Mr. Sanchez had been convicted in November 1981 for a federal offense. For this original conviction, the court imposed a split sentence of five year imprisonment, suspended to four months of jail time, followed by fifty-six months of probation. While on probation, Mr. Sanchez was convicted of another federal offense and sentenced in March 1989. After his sentencing in March 1989, Mr. Sanchez was also sentenced to an additional one year in prison for violating his probation. The court imposed this revocation of probation in May of 1989.
 
 
 4
 Filing a motion pursuant to Rule 35,[2] Mr. Sanchez challenged the imposition of the one year sentence for violation of his probation. He alleged the sentencing court failed to apply 18 U.S.C. 3565(a) and thus his sentence was illegal. The district court denied Mr. Sanchez's Rule 35 motion and held the sentence imposed was proper.
 
 
 5
 Mr. Sanchez asserts the sentencing court erred in applying 18 U.S.C. 3653 rather than 18 U.S.C. 3565, because 3653 was repealed by the time of his resentencing in May 1989. Although Congress repealed 3653 effective in November 1987, the statute remained effective for offenses committed before that time. See United States v. Balboa, 893 F.2d 703, 706 (5th Cir.1990); Pub.L. 98-473 235, 98 Stat.1987 (1984), amended, Pub.L. 99-217, 2, 4, 99 Stat. 1728 (1985). Mr. Sanchez's offense, which resulted in probation, was committed prior to November 1987. Therefore, the sentencing court did not err in applying 3653, and the district court did not err in denying his Rule 35 motion.
 
 
 6
 Mr. Sanchez also asserts the sentencing court lacked jurisdiction to impose a probation revocation sentence, because the arrest warrant was not timely issued. However, this issue was addressed on Mr. Sanchez's direct appeal. See United States v. Sanchez, 907 F.2d 127, 128 (10th Cir.1990). Thus, because Mr. Sanchez has not demonstrated cause and prejudice, this claim is successive and constitutes an abuse of the 28 U.S.C. 2255 remedy. See McCleskey v. Zant, 499 U.S. 467, 494-96 (1991).
 
 
 7
 We AFFIRM the district court's denial of Mr. Sanchez's Rule 35 motion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Sanchez used a former version of Rule 35(a), which is applicable to offenses committed prior to November 1, 1987. See United States v. Garcia, 879 F.2d 803, 804 n. 1 (10th Cir.1989). The early version of Rule 35(a) provided, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. "