**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 8/21/96**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 95-1009

JESUS JOHN HERNANDEZ,

Defendant-Appellant,

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 86-C-2525)
(D.C. No. 84-CR-284-1)

---

John M. Hutchins, Assistant United States Attorney (Henry L. Solano, United States Attorney, and William D. Welch, Assistant United States Attorney, with him on the brief), Denver, Colorado for Plaintiff-Appellee.

Paula D. Greisen, Denver, Colorado (David A. Lane, Denver, Colorado, on the brief) for Defendant-Appellant.

---

Before **HENRY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

1

**HENRY**, Circuit Judge.

_____

Defendant-appellant Jesus John Hernandez appeals from the district court's order denying his motion under 28 U.S.C. § 2255 in which he attacked the sentence he was then serving following his 1986 conviction for various offenses related to cocaine trafficking. Mr. Hernandez argues that the district court erred in upholding his convictions and sentence against three separate attacks. First, he contends that the government failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), that federal agents committed perjury in misrepresenting such evidence, and that newly discovered evidence entitles him to a new trial. Second, he claims that his trial counsel's preparation of an affidavit supporting his motion for severance constituted ineffective assistance in violation of his Sixth Amendment right to counsel. Third, he urges that he was subjected to double jeopardy, both because of a subsequent prosecution for conspiracy in federal district court in Florida and because the crimes of which he was convicted in Colorado included both engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and the lesser included offense of conspiracy in violation of 21 U.S.C. § 846. After careful examination of the record, we affirm the district court's decision on the claims of failure to disclose evidence, perjury and newly discovered evidence; we affirm on the claim of ineffective assistance of counsel; and we hold that

the district court lacked § 2255 jurisdiction over both double jeopardy claims. Thus the district court's orders denying all of these claims are affirmed.

## I. BACKGROUND

In 1984, Mr. Hernandez was indicted by a federal grand jury in Colorado on five counts relating to his role in a drug trafficking organization, including three counts of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and one count of managing a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. Before trial, Mr. Hernandez moved through counsel pursuant to Fed. R. Crim. P. 14 to sever the CCE count from the other counts against him on the grounds that, in order to defend himself against the CCE charge, it might be necessary for him to incriminate himself as to the other charges. The district court denied this motion, and Mr. Hernandez was tried before a jury on all five counts together. The jury convicted him on all five counts, and the district court sentenced him to a total of thirty years' imprisonment: fifteen years on the CCE count and, on the distribution counts, an additional fifteen years to run consecutively to the CCE sentence and ten years to run concurrently with the CCE sentence.

Mr. Hernandez appealed his conviction. See United States v. Hernandez, 829 F.2d 988 (10th Cir. 1987). While the Tenth Circuit panel that heard the appeal expressed

3

"concern" about the adequacy of the affidavit that accompanied the motion for severance, id. at 991, it nonetheless affirmed the conviction, id. at 989.

While the direct appeal from his conviction was still pending before the Court of Appeals, Mr. Hernandez moved pro se to attack his sentence under 28 U.S.C. § 2255. The district court initially denied this motion on the grounds that it was "duplicative," relying on the government's representation that the issues raised in the motion had also been raised in the pending direct appeal. Rec. vol. 2, doc. 84, at 2. Mr. Hernandez appealed this decision and this court remanded, noting that the evidentiary issues raised in the § 2255 motion--which we discuss below in section II.A. of the instant opinion--had not in fact been raised in the direct appeal. This court further noted, however, that

> defendant's failure to raise these grounds on direct appeal may be fatal to the instant motion unless he can establish good cause for the omission and prejudice resulting therefrom. See United States v. Frady, 456 U.S. 152 (1982); United States v. Khan, 835 F.2d 749, 753-54 (10th Cir. 1987)[, cert. denied, 487 U.S. 1222 (1988)].

Rec. vol. 2, doc. 84, at 2. Consistent with this mandate, the district court appointed counsel for Mr. Hernandez and ordered both parties to brief the matter raised in the appellate opinion and to address the "resulting prejudice" issue, see Rec. vol. 2, doc. 83. On June 22, 1988, the district court issued a terse order denying Mr. Hernandez's § 2255 motion for a second time. Mr. Hernandez filed, through counsel, a Motion for Reconsideration. Concurrently with these events, Mr. Hernandez filed several pro se motions to amend his § 2255 motion, pursuant to Fed. R. Civ. P. 15, to add the

4

ineffective assistance of counsel and double jeopardy issues.

The district court now had before it three separate issues: the original group of claims relating to non-disclosure of evidence, the ineffective assistance of counsel claim, and the double jeopardy claims. Acting upon a suggestion by the government, the court elected to delay ruling on the latter two issues, and entered an order on March 20, 1989, rejecting for the third time Mr. Hernandez's claims relating to non-disclosure of evidence. The court also ordered that new counsel be appointed for Mr. Hernandez and that both parties address the remaining ineffective assistance of counsel and double jeopardy issues. The parties submitted briefs arguing the effectiveness of counsel issue, though neither brief mentioned the double jeopardy claims. On December 16, 1994, the district court filed an order rejecting Mr. Hernandez's ineffectiveness of counsel claim. Mr. Hernandez now appeals from both the 1989 order, which denied the evidentiary claims, and the 1994 order, which rejected the ineffectiveness of counsel claim and did not address the double jeopardy claims.

The procedural complexity of this case defies easy explanation. Allowing the dust to settle, we are left with three sets of issues: the claims regarding non-disclosure of evidence, the ineffectiveness of counsel claim, and the double jeopardy claims.

## II.  DISCUSSION

### A.  Evidentiary Issues

Mr. Hernandez raises three grounds for relief based on various pieces of evidence he says he discovered only after his trial: (1) that the government was aware of exculpatory evidence that it failed to disclose to him, in violation of <u>Brady</u>, 373 U.S. 83; (2) that the government knowingly used perjured or materially misleading statements at Mr. Hernandez's trial; and (3) that "newly discovered evidence" entitles him to a new trial.

All of the cited evidence is related to proceedings in the Middle District of Florida against the drug organization of Albert S. Fortna.  Mr. Hernandez explains in his brief, though he does not point to any support in the record, that during the course of those proceedings he was indicted and pleaded guilty, agreeing to testify for the government in exchange for a sentence concession in his then-pending Colorado case.  He now argues that certain evidence which came to light in the Fortna organization prosecution and trials, which began about two months before Mr. Hernandez's trial in Colorado and continued after the date of his conviction, might have exculpated him had it been introduced in his own trial.

Mr. Hernandez's claims focus on evidence that the Fortna organization was large, that individuals in the organization greatly feared ringleader "Chick" Fortna, and that a woman named Linda Whitman distributed $400,000 worth of cocaine in Colorado during

the period covered by Mr. Hernandez's indictment. Mr. Hernandez believes that this evidence would have bolstered his defense that he acted under duress from the Fortna organization and that he was not a drug "kingpin."

### 1. *Brady violations*

In evaluating whether Mr. Hernandez could overcome his failure to raise these issues on direct appeal, the district court followed the dicta in our remand opinion, Rec. vol. 2, doc. 84, at 2, applying the "cause and actual prejudice" standard of Frady, 456 U.S. at 167, and held that Mr. Hernandez had failed to establish that the omission of this evidence resulted in the requisite prejudice. On appeal, Mr. Hernandez argues that the Frady standard, which applies to "procedural" defaults--i.e. failure to object to errors at trial and to raise such errors on direct appeal--does not apply when the government failed, as he alleges it did, to disclose Brady material to the defendant. When the government fails to disclose relevant evidence, he argues, the defendant is unaware of its existence, and therefore his failure to raise the issue cannot be deemed a "default." He urges that because he has alleged a Brady violation, the proper standard to employ was whether the omitted evidence was "material" under the Brady line of cases, see Brady, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . .") (emphasis added), rather than whether it resulted in "prejudice" under Frady, 456 U.S. at

167.

There appears to be little or no difference in the operation of the "materiality" (Brady) and "prejudice" (Frady) tests. See Frady, 456 U.S. at 168 (noting that in this context the Court has "refrained from giving 'precise content' to the term 'prejudice'") (citation omitted); cf. United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1472 n.6 (9th Cir. 1988) ("The Strickland standard for prejudice has been considered to impose virtually the same burden on the defense as the standard for materiality in Brady claims.") (referring to Strickland v. Washington, 466 U.S. 688 (1984)), cert. denied, 493 U.S. 809 (1989). Nonetheless, we agree that the "materiality" inquiry is the proper one in this case, see United States v. Buchanan, 891 F.2d 1436, 1440-45 (10th Cir. 1989) (applying the "materiality" standard to a Brady claim raised for the first time in a § 2255 motion), cert. denied, 494 U.S. 1088 (1990), and proceed to analyze the Brady cases to ascertain the proper standard to employ in determining materiality.

In United States v. Agurs, the Supreme Court held that the standard for materiality in a Brady violation depends upon the degree of specificity of the defendant's request. 427 U.S. 97, 103-107 (1976). In Buchanan, we followed Agurs in holding that in a case like this one, in which specific information has not been requested, materiality depends on "whether 'the omitted evidence creates a reasonable doubt that did not otherwise exist.'" 891 F.2d at 1441 (quoting Agurs, 427 U.S. at 112). However, subsequent to Agurs, in United States v. Bagley, 473 U.S. 667 (1985), a majority of the Supreme Court agreed

8

that the proper standard for materiality, at least in cases where the defendant's request was not specific, is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 682 (Blackmun, J.); id. at 685 (White, J., concurring). Although we suspect the distinction between the Agurs/Buchanan standard and the Bagley standard might well be one without a difference, we proceed to apply the Bagley standard.

Applying the Bagley standard to our close examination of the record, we conclude that there is not a reasonable probability that disclosure of the cited evidence would have produced a different verdict.[1] Because a person may be convicted of conducting a CCE under § 848 even if his role in the enterprise is subordinate to that of others, we agree with the district court that the evidence of the size of the Fortna organization was irrelevant to Mr. Hernandez's conviction for CCE. See United States v. Apodaca, 843 F.2d 421, 426 (10th Cir.) ("The defendant need not even have been the dominant organizer or manager of the enterprise; 'the statute requires only that he occupy some managerial position' with respect to five or more persons.") (citations omitted), cert. denied, 488 U.S. 932 (1988). We further agree that the evidence of others' fear of the Fortna organization, without any objective evidence of threats, was insufficient to create a

---

[1]The government raises an alternative ground for holding that it did not violate Brady: that the "undisclosed evidence" of which Mr. Hernandez complains was a matter of public record and therefore that the government had no duty to provide it to the defense. We draw no conclusion as to whether or not the government failed to provide any evidence that it had a duty to provide because we hold that none of the evidence cited by Mr. Hernandez was material under Brady.

reasonable probability of acquittal on any of the charges against Mr. Hernandez. Therefore, we hold that the evidence was not material and hence that its omission does not constitute a violation under Brady.[2]

## 2. Perjury

Mr. Hernandez also claims that the testimony offered at his trial by two federal agents that the Fortna organization was involved in trafficking "mostly marijuana" is belied by the Fortna indictment, which details the organization's sales of cocaine. Therefore, he contends, the agents committed perjury, or at least their statements "materially misled the jury." Aplt's Br. at 13. By "downplaying" Fortna's involvement in the Colorado cocaine market in this way, he claims, the government undermined his duress defense. Id. at 13-15.

Applying plenary review to the district court's legal determination, we agree with the court's conclusion that the agents did not commit perjury. Perjury involves knowingly making a false material statement that has the tendency to mislead. United States v. Larranaga, 787 F.2d 489, 494 (10th Cir. 1986). The record shows that one agent testified that Fortna was involved "[m]ostly [in] marijuana," Rec. vol. 19, at 417, and the other testified that Fortna was "primarily focused on importing marijuana," Rec. vol. 20, at 531. Mr. Fortna was charged with attempting to distribute 40,000 pounds of marijuana

---

[2]Were we to apply the Frady standard, we would likewise hold that the omission of this evidence did not "prejudice" Mr. Hernandez.

and with conspiring to import 1,240 kilograms of cocaine. Rec. vol. 1, doc. 69, Ex. A at 36. We conclude that this evidence does not demonstrate that the agents' statements-- which appear to have been only their opinions--were false or materially misleading.

### 3. *Newly discovered evidence*

Mr. Hernandez next argues that certain evidence revealed in the Fortna trials, particularly evidence that Linda Whitman distributed cocaine in Colorado, demonstrates the extent of the Fortna influence in Colorado. He characterizes this as newly discovered evidence material to his claim that he did not occupy a managerial position, which entitles him to a new trial. The district court held that the cited evidence did not warrant a new trial because it was not material to guilt or innocence or likely to produce acquittal. See United States v. Sutton, 767 F.2d 726, 728 (10th Cir. 1985).

The proper standard of review of the district court's decision not to grant a new trial based on newly discovered evidence is abuse of discretion. Id. The mere fact that Ms. Whitman distributed cocaine in Colorado for Fortna is irrelevant to the issue of whether Mr. Hernandez occupied a position of management in the organization. See Apodaca, 843 F.2d at 426. We therefore hold that the district court's decision not to grant a new trial in this case was not an abuse of discretion.

### B. Ineffective Assistance of Counsel

Mr. Hernandez argues that he received ineffective assistance of counsel in the drafting of an affidavit in support of his motion for severance of his CCE trial from his trial for the "underlying" distribution and conspiracy charges. He draws support from language in another opinion of this court which expressed "concern" that the "ambiguous" affidavit was not "sufficient to enable the trial court to determine the extent of the possible prejudice to defendant, and to intelligently weigh the prejudice against the consideration of judicial economy." Hernandez, 829 F.2d at 991. However, in its 1994 order denying the instant § 2255 motion, the district court subsequently found: (1) that "the affidavit was deliberately vague because of a trial strategy decision" not to reveal testimony to the prosecution; (2) that "throughout this eight-year litigation [Mr. Hernandez] has always been extremely active in personally assisting his attorneys to prepare and conduct his defense;" and (3) that Mr. Hernandez himself "decided, with his attorneys," to pursue this strategy.[3] Rec. vol. 2, doc. 151, at 3.

"We must accept the district court's underlying factual findings unless clearly erroneous, but we review de novo whether counsel's performance was legally deficient and whether any deficiencies prejudiced [the appellant]." United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993). Mr. Hernandez argues that "there is no evidence that

[3]Both parties have sought to supplement the record on appeal with transcripts of depositions, which they contend would shed light on this issue. We have reviewed the arguments in support of their motions and conclude that consideration of this evidence is not necessary to our decision. See Fed. R. App. P. 10(e). The transcripts were before the district court, and the factual findings of the district court constitute a sufficient basis for us to determine that there was no Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668 (1984).

counsel's failure to reform the affidavit was a strategic or tactical decision." Aplt's Reply Br. at 11. However, he draws our attention to nothing in the record that would cast doubt on these findings, let alone allow us to conclude that they were clearly erroneous. Mr. Hernandez claims that he "urged his counsel to conform the affidavit" to the legal standard for a motion for severance, id., but the letter cited as evidence for this does not appear at the referenced location in the record. Therefore, in light of the district court's factual findings, which are not clearly erroneous, we cannot hold that the performance of Mr. Hernandez's counsel fell outside "the wide range of reasonable professional assistance" that satisfies the constitutional standard. Strickland, 466 U.S. at 689.

### C. Double Jeopardy

Mr. Hernandez makes two distinct arguments related to his claim that he was subjected to double jeopardy, asserting first that his Colorado CCE prosecution together with his Florida conviction for conspiracy placed him in double jeopardy, and second that, quite apart from the Florida proceedings, his prosecution in Colorado for both CCE and the lesser included offense of conspiracy in itself constitutes double jeopardy. On appeal, Mr. Hernandez correctly notes that the district court did not address either of these arguments, an understandable oversight considering both the torrent of post-conviction motions with which Mr. Hernandez and his counsel deluged the court and the fact that neither party argued the issue in its brief on the § 2255 motion as they were requested to

13

do by the district court. He now asks us either to vacate the allegedly tainted convictions or to remand to the district court.

We note that Mr. Hernandez did not raise either of these arguments on direct appeal, nor has he demonstrated cause and prejudice with regard to this failure, nor that a "fundamental miscarriage of justice" will result if they are not considered. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994), cert. denied, 116 S. Ct. 1030 (1996). However, we also note that the government has not raised procedural bar as a defense to Mr. Hernandez's double jeopardy claims. We may invoke the procedural bar defense sua sponte. Hines v. United States, 971 F.2d 506, 508 (10th Cir. 1992). However, we decline to raise it in this case because "if a court elects to raise a defense sua sponte, the court must generally afford the movant an opportunity to respond to the defense." Id. at 509. Mr. Hernandez has not had such an opportunity, i.e. to affirmatively demonstrate cause and prejudice. Therefore, we proceed to consider the two double jeopardy claims.

### 1. Colorado conspiracy and CCE

We first consider the argument concerning the Colorado conspiracy and CCE convictions. At sentencing, the district court merged the two charges and imposed no sentence for the conspiracy conviction other than a fifty-dollar special assessment. However, the court did not vacate the conspiracy conviction itself. Rec. vol. 1, doc. 58, at 2. Mr. Hernandez correctly points out that under United States v. Stallings, 810 F.2d 973,

14

975-76 (10th Cir. 1987), double jeopardy concerns mandate that when a defendant has been convicted and sentenced for CCE, that defendant's <u>conviction</u> (as well as his sentence) for the same conspiracy under § 846 must be vacated because the latter is a lesser included offense of the former.

However, whereas <u>Stallings</u> came before us on direct appeal from a criminal conviction, our jurisdiction in collateral appeals is more circumscribed.[4]  Our jurisdiction here is invoked under 28 U.S.C. § 2255, which in relevant part permits "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  A collateral challenge under § 2255 is available only to attack "a federal sentence under which the defendant is in custody at the time of initiating the petition or . . . a federal sentence that has been ordered to run consecutively to . . . another sentence under which the defendant is in custody at the time of filing the challenge." <u>United States v. Bustillos</u>, 31 F.3d 931, 933 (10th Cir. 1994).  Because Mr. Hernandez received no sentence (other than the fifty-dollar assessment) for his Colorado conspiracy conviction, he was not in custody under a sentence for that conviction, and therefore the

---

[4]We note that on April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996," Pub. L. No. 104-132, 110 Stat. 1214 (the "Act").  "We need not determine to what extent the Act's amendments to federal habeas review govern cases pending when the Act became effective because we determine that even under the more expansive scope of review prior to the Act, [the appellant] was not entitled to federal habeas corpus relief."  <u>Stone v. Farley</u>, No. 95-1796, 1996 WL 325937, *3 n.3 (7th Cir. June 14, 1996).

district court lacked jurisdiction under § 2255.[5] The district court therefore should have dismissed this claim because it lacked jurisdiction to vacate the Colorado conspiracy conviction. See Bustillos, 31 F.3d at 934 (dismissing, for lack of jurisdiction, an appeal from the denial of a § 2255 motion where the petitioner did not meet his burden of persuading the court that he was attacking a sentence under which he was in custody at the time of initiating the petition). Because we conclude that this claim should have been dismissed, the district court's failure to rule on this issue does not alter our holding that it was proper to deny Mr. Hernandez's § 2255 motion.

## 2. *Colorado CCE and Florida conspiracy*

We next consider Mr. Hernandez's claim that his Florida and Colorado prosecutions placed him in double jeopardy. Specifically, Mr. Hernandez appears to argue that the charge of conspiracy to import marijuana, to which he pleaded guilty in Florida, constitutes a lesser included offense with respect to the Colorado CCE charge. Although neither the record nor the briefs provide a clear picture of the Florida

---

[5]The appropriate avenue for collaterally challenging a conviction that does not result in a sentence which the movant is serving at the time he makes the motion is a petition for a writ of coram nobis. See, e.g., Bustillos, 31 F.3d 934. However, the availability of a writ of coram nobis is extremely circumscribed, requiring that the movant carry a substantive burden not taken up by Mr. Hernandez's pleadings and probably not bearable under these facts. See id. (holding that a writ of coram nobis is to be granted only where there is "a complete miscarriage of justice"); United States v. Bruno, 903 F.2d 393, 396 (5th Cir. 1990) (explaining that a coram nobis petitioner must demonstrate "that he is suffering civil disabilities as the result of the criminal conviction").

16

proceedings, Mr. Hernandez concedes that his Florida conviction came after his Colorado conviction. Aplt's Reply Br. at 12. Hence the Colorado conviction is not subject to a double jeopardy attack since, even if at the time of his Colorado conviction and sentence Mr. Hernandez had already been indicted in Florida, a mere indictment does not cause jeopardy to attach. See Crist v. Bretz, 437 U.S. 28, 36 (1978) (citing "the federal rule that jeopardy attaches when the jury is empaneled and sworn").

Alternatively, Mr. Hernandez's claim that "his convictions in Colorado and Florida amounted to double jeopardy," Aplt's Br. at 22, could be construed as an attack on his Florida prosecution and conviction, which the government did pursue after the previous Colorado conviction. However, such a claim--attacking a sentence imposed by another federal district court--could not have been entertained by the Colorado district court in this case. Again, Mr. Hernandez brought this claim under 28 U.S.C. § 2255, which provides that "[a] prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added). 28 U.S.C. § 2255 also expressly mandates: "An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . ." Id. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir.) (holding that the district court correctly dismissed the movant's § 2255 motion for lack of jurisdiction because the motion was not brought in the sentencing court), cert.

17

denied, 488 U.S. 982 (1988).  Nor can Mr. Hernandez succeed by attacking the Colorado

indictment on the grounds that it "set [him] up for 'prearranged' double jeopardy."  Rec.

vol. 2, doc. 94, at 5.  See Flores v. United States, 338 F.2d 966, 967 (10th Cir. 1964)

(holding that the appellant could not challenge the sufficiency of an indictment on the

grounds that it "fail[ed] to protect him against the possibility of double jeopardy").

Again, because we conclude that this claim should have been dismissed, the district

court's failure to rule on this issue does not alter our holding that it was proper to deny

Mr. Hernandez's § 2255 motion.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the orders of the district court dated March

20, 1989 and December 16, 1994.  The Appellant's motion for reconsideration of this

court's July 19, 1995 order to supplement the record on appeal is DENIED.[6]

---

[6]Upon motion of the government, this court ordered on July 19, 1995 that the record on appeal be supplemented with the transcript of the deposition of one of Mr. Hernandez's trial attorneys.  After the government's motion was granted, Mr. Hernandez filed "Appellant's Response to Government's Motion to Supplement the Record on Appeal," which this court construed as a motion for reconsideration of the July 19, 1995 order.  Because, as stated above, we have determined that consideration of these supplemental documents is not necessary to our disposition of this case, no purpose would be served by granting the motion for reconsideration.