UNITED STATES COURT OF APPEALS
**Filed 10/10/96**
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 95-3201 |
| | (D.C. Nos. 93-3417-RDR |
| JOHN ANDREW GRESCHNER, | & |
| | 84-CR-30005-01) |
| Defendant-Appellant. | (D. Kan.) |

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant John Andrew Greschner appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255. Because defendant has not demonstrated cause for his failure to raise his issues on direct appeal or prejudice therefrom, we affirm.[1]

In June 1984, defendant was convicted of first-degree murder and conspiracy. His convictions were affirmed in United States v. Greschner, 802 F.2d 373 (10th Cir. 1986), cert. denied, 480 U.S. 908 (1987). In October 1993, defendant filed this § 2255 motion, raising numerous issues that had not been raised in his direct appeal. The district court found that defendant's appellate attorney had not rendered ineffective assistance of counsel, and that, therefore, defendant had not established cause for his failure to raise the issues on direct appeal, or prejudice therefrom.

On appeal, defendant argues that his attorney was ineffective in failing to raise the following issues: (1) error in the court's responses to jury inquiries during deliberations; (2) illegal amendment of the indictment by the aiding and abetting instruction; (3) error in not giving a duress/coercion instruction; (4) error

---

[1] We note that on April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996," Pub. L. No. 104-132, 110 Stat. 1214 (the Act). We need not determine whether the Act's amendments to 28 U.S.C. § 2255 govern cases pending when the Act became effective because, even under the more expansive scope of review available prior to the Act, defendant is not entitled to relief. See United States v. Hernandez, 94 F.3d 606, 612 n.4 (10th Cir. 1996).

in instructing the jury as to "heat of passion" and its effect on the government's burden of proof; (5) unconstitutional presumption in the deadly weapon instruction; (6) prosecutorial misconduct; (7) error in admitting evidence about prison gangs; (8) error in denying defendant's motion for judgment of acquittal; and (9) violation of the double jeopardy clause and the Eighth Amendment. He argues that this ineffectiveness establishes cause for his failure to raise the issues on direct appeal, and that he was prejudiced thereby.

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996). A § 2255 defendant may not raise issues which were not raised in his direct appeal unless he establishes cause for his default and prejudice resulting therefrom. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Cause and prejudice may be established by showing that the defendant's appellate counsel rendered ineffective assistance in failing to appeal meritorious issues. Id. at 392-93.

We agree, for the reasons stated by the district court, that it was not objectively unreasonable for counsel to refrain from appealing the court's

responses to the jury's inquiries; the instructions on aiding and abetting, coercion/duress, and use of a deadly weapon; the prosecution's closing comments and reference to prison gangs; the denial of the motion for acquittal; and the prosecution of defendant for both murder and conspiracy to murder. Counsel's failure to raise issues which have no merit "does not constitute constitutionally ineffective assistance." Id. at 393 (quotation and citation omitted).

We also conclude that counsel's failure to appeal the heat of passion instruction and its effect on the government's burden of proof was objectively reasonable, despite our opinion in United States v. Lofton, 776 F.2d 918 (10th Cir. 1985). An appellate attorney's failure to raise an issue is deficient if it is a "dead-bang winner," that is, an issue that "was obvious from the trial record," and one which "must have leaped out upon even a casual reading." Cook, 45 F.3d at 395 (citations and quotations omitted). We evaluate counsel's conduct based on the circumstances as they existed at the time of appeal, without the distorting effects of hindsight. Strickland v. Washington, 466 U.S. 668, 689 (1984).

We note first that defendant, who made a strategic choice to represent himself at trial, did not request a heat of passion instruction or object to the instructions that were given. In evaluating the strength of this issue on appeal, therefore, appellate counsel was bound by defendant's failure to preserve any potential error at trial. See Fed. R. Crim. P. 30 ("No party may assign as error

-4-

any portion of the [jury instructions] or omission therefrom unless that party objects thereto before the jury retires to consider its verdict . . . ."); United States v. Sides, 944 F.2d 1554, 1562 (10th Cir.)(holding that defendant waived any error in jury instructions by failing to raise timely objection, noting that judgment would be reversed only for plain error resulting in a miscarriage of justice), cert. denied, 502 U.S. 989 (1991).

Further, defendant's appeal was filed long before we issued our decision in Lofton. Although the Supreme Court had already decided Mullaney v. Wilbur, 421 U.S. 684 (1975), upon which Lofton rested, we do not believe counsel was required to anticipate this court's extension of Mullaney to a case which did not expressly shift the burden of proof to the defendant. See, e.g., Jameson v. Coughlin, 22 F.3d 427, 429 (2d Cir.)(holding that appellate counsel was not incompetent for failing to predict that court would later overrule interpretation of state law), cert. denied, 115 S. Ct. 232 (1994); Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir.)("The Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before a court."), cert. denied, 510 U.S. 852 (1993); see also Coleman v. Saffle, 869 F.2d 1377, 1394 n.15 (10th Cir. 1989)(holding that "[c]ompetency of counsel must be judged by what he reasonably should have known at the time of the trial [ten years earlier]"), cert. denied, 494 U.S. 1090 (1990). Given the state of the law when

appellate counsel filed defendant's appeal, a challenge to the "heat of passion" instruction and its effect was not a "dead-bang winner," and counsel was not ineffective in failing to raise the issue on direct appeal. Defendant, therefore, has not shown cause for his procedural default.

Even if the issue should have been raised on appeal, defendant cannot show that he was prejudiced by counsel's failure to do so. To find that defendant committed first degree murder, the jury had to find, beyond a reasonable doubt, that he acted with premeditation, defined as:

> associated with murder in cold blood and requires a period of time in which the accused coolly deliberates, or thinks the matter over, before acting. . . . Any interval of time between the forming of a specific intent to kill, and the execution of that intent, which is of sufficient duration for the accused to be fully conscious and mindful of what he intended willfully to set about to do, is sufficient to justify a finding of premeditation.

R. Vol. II, doc. 84 at 376-77. Because a finding of premeditation is inconsistent with a finding that defendant acted in the heat of passion, defendant cannot show that he was prejudiced by the failure to appeal the jury instructions. See United States v. Frady, 456 U.S. 152, 172-74 (1982)(discussing inconsistency of a jury finding of premeditation with a heat of passion defense).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge