**Filed 10/28/96**

# UNITED STATES COURT OF APPEALS

## TENCH CIRCUIT

JULIAN ROGER SANCHEZ,

       Petitioner - Appellant,

v.

WILLIAM PERRILL, Warden,

       Respondent - Appellee.

No. 95-1404
(D.C. No. 95-S-344)
(District of Colorado)

## ORDER AND JUDGMENT[*]

Before **PORFILIO**, **LOGAN** and **LUCERO**, Circuit Judges.

On February 10, 1995, petitioner Julian Roger Sanchez, proceeding pro se, filed a post-conviction motion under 28 U.S.C. § 2241. He sought to vacate, set aside, or correct the sentence imposed for his 1989 conviction on charges of possession with intent to distribute, distribution of, and conspiracy to distribute

---

[*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

marijuana.  See United States v. Sanchez, Nos. 91-1188, 91-1267, 961 F.2d 221, 1992 WL 83528, at *1 (10th Cir.) (table), cert. denied, 506 U.S. 897 (1992).

The district court construed the request as a motion filed under 28 U.S.C. § 2255, and dismissed the case as a successive motion and an abuse of the § 2255 remedy.  Petitioner agrees that his motion was properly construed as seeking relief available under § 2255, not § 2241.  Proceeding pro se, he appeals the district court's dismissal of his motion.

## I.  Jurisdiction

The government challenges our jurisdiction to entertain this motion.  We must consider the issue even though it is raised for the first time on appeal. United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994).  The government maintains that Mr. Sanchez is no longer "in custody" for § 2255 purposes, arguing that he completed service of his sentence for the subject marijuana convictions on August 7, 1995.  Aplee. Br. at 6-7.  We note that Mr. Sanchez is currently serving a five-year term of "supervised release."

In order to be properly before us, a § 2255 petitioner must have been "in custody at the time of initiating the petition."  Bustillos 31 F.3d at 933 (emphasis supplied).  Plainly, given that Mr. Sanchez was actually incarcerated at the time he filed his petition on February 10, 1995, the government's jurisdictional challenge must fail.

## II. The Merits

Petitioner claims his convictions are constitutionally infirm on the following grounds: (1) his due process rights were violated because he was unable to assist in his defense at trial due to the influence of psychotropic drugs prescribed by prison officials; (2) he received ineffective assistance of counsel when his attorneys failed to pursue properly an issue regarding the suppression of evidence, (3) no exigent circumstances existed to support the warrantless search, and (4) there was no probable cause for his arrest. Mr. Sanchez also characterizes his probable cause argument as a challenge to the district court's jurisdiction over him.

Petitioner's claim that he was unable to assist in his defense is arguably a new claim. But see Sanchez, 961 F.2d 221, 1992 WL 83528 at *2 (petitioner alleged his "due process rights were violated by the district court's failure to hold a competency hearing"). The remaining issues were raised and rejected in petitioner's previous § 2255 proceedings. Id. This court has rejected petitioner's attempts to raise these claims and additional claims as successive and abusive. United States v. Sanchez, No. 94-1116, 30 F.3d 142, 1994 WL 379314 (10th Cir. 1994) (table); United States v. Sanchez, No. 93-1130, 9 F.3d 118, 1993 WL 436828 (10th Cir. 1993) (table).[1]

---

[1]Petitioner has also filed the following appeals with this court: United States v.

(continued...)

For this court to consider the merits of these claims, petitioner must show "cause and prejudice" sufficient to excuse his failure to present evidence in support of a claim that was previously denied, or demonstrate that a redetermination of a claim is necessary to avoid a fundamental miscarriage of justice. 28 U.S.C. § 2244(a); Rule 9(b) of the Rules Governing § 2255 Proceedings; Schlup v. Delo, 115 S. Ct. 851, 861 (1995).

Petitioner maintains he can show cause and prejudice. He asserts that his use of medication prescribed by prison officials rendered him unable to present all of his claims and arguments in his previous petitions, thus demonstrating cause. "'[C]ause . . . requires a showing of some external impediment preventing counsel from constructing or raising the claim.' For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497 (1991) (quoting

---

[1](...continued)
Sanchez, 907 F.2d 127 (10th Cir. 1990) (holding arrest warrant for probation revocation was timely issued); United States v. Sanchez, No. 94-1415, 52 F.3d 339, 1995 WL 238309 (10th Cir. 1995) (table) (affirming sentence imposed for probation violation; dismissing as successive claim that probation violation warrant was not timely issued); Sanchez v. Perrill, No. 94-1541, 52 F.3d 338, 1995 WL 238350 (10th Cir. 1995) (table) (affirming order dismissing claims of due process violations in medical treatment and prison disciplinary proceedings); Sanchez v. Perrill, 73 F.3d 296 (10th Cir. 1996) (addressing calculation of prison time after reincarceration following probation violation); Sanchez v. Perrill, No. 95-1403, 77 F.3d 493, 1996 WL 78125 (10th Cir. 1996) (table) (summarily affirming district court's disposition).

Murray v. Carrier, 477 U.S. 478, 492 (1986)). In this case, petitioner's use of prescription medication was not an unknown circumstance external to his defense. Cf. Jones v. Whitley, 938 F.2d 536, 541-42 (5th Cir.), cert. denied, 501 U.S. 1267 (1991). Moreover, petitioner does not claim that he is innocent of the crimes of which he was convicted. See Schlup, 115 S. Ct. at 861. Construing liberally his pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we conclude that the district court correctly dismissed Mr. Sanchez's petition as successive and an abuse of the writ.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, was signed into law on April 24, 1996, while this appeal was pending. However, we need not discuss the amendments at length because "we determine that even under the more expansive scope of review prior to the Act, [petitioner] was not entitled to federal habeas corpus relief." United States v. Hernandez, 94 F.3d 606, 613 (10th Cir. 1996) (quoting Stone v. Farley, 86 F.3d 712, 716 n.3 (7th Cir. 1996)).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero

Circuit Judge