F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 2002

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CONRAD J. BRAUN,

      Petitioner-Appellant,

v.

WARDEN GALLEGOS,

      Respondent-Appellee.

No. 02-1292
(D.C. No. 02-Z-868)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Conrad J. Braun pled guilty in 1994 in federal district court in Missouri to five counts of wire fraud and five counts of interstate transportation of funds obtained by fraud. He was sentenced to ninety months in prison and ordered to pay almost two million dollars in restitution. *See United States v. Braun*, 60 F.3d

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

451 (8th Cir. 1995).  After numerous proceedings in the state courts of Kansas and in various federal courts, Mr. Braun brought this pro se petition pursuant to 28 U.S.C. § 2241, attacking expired Kansas state court convictions that were used to enhance his federal fraud sentence.  The district court denied relief.  Mr. Braun filed a motion asking the court to reconsider dismissal and grant him placement in a community corrections facility.  The court denied the motion.  For the reasons set out below, we deny Mr. Braun's request to proceed in forma pauperis and dismiss the appeal.

It appears that Mr. Braun was released from federal custody on June 18, 2002, and is currently under no form of supervision.  The government suggests that in view of Mr. Braun's present status, the entire appeal is moot.[1]  Mr. Braun concedes that the appeal of his request for placement in a community corrections facility is moot.  We agree and accordingly dismiss as moot the appeal of the denial of his motion to reconsider.

Mr. Braun contends that the remainder of his appeal is not moot.  We agree. Under the collateral consequences exception to the mootness doctrine, a matter is not moot if collateral consequences from a judgment give a party a substantial

---

[1] Although § 2241 requires as a jurisdictional prerequisite that a petitioner be in custody, this element is established as of the time the petition is filed.  *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  Because Mr. Braun was in custody when he filed this action, the court was authorized to consider it and his later release from custody does not deprives us of jurisdiction.

stake in the outcome of the case. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968). Here Mr. Braun's habeas petition attacks his prior state court criminal convictions, and the Supreme Court presumes that a wrongful criminal conviction has continuing collateral consequences sufficient to present a case or controversy and avoid dismissal on the ground of mootness. *See Spencer v. Kenna,* 523 U.S. 1, 7-8 (1998) (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)).

While Mr. Braun's habeas petition is thus not moot, we nonetheless conclude that it was properly dismissed. A petition under section 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A motion under 28 U.S.C. § 2255, on the other hand, is the exclusive method for challenging the validity of a judgment and sentence, and must be filed in the district in which the sentence was imposed. *Bradshaw*, 86 F.3d at 166. Section 2255 provides an exception, however, and allows a challenge that otherwise must be brought under that provision to be brought under section 2241 upon a showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also Bradshaw*, 86 F.3d at 166.

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho v. Pugh*, 177

F.3d 1177, 1178 (10th Cir. 1999). "Failure to obtain relief under 2255 does not

establish that the remedy so provided is either inadequate or ineffective,"

*Bradshaw*, 86 F.3d at 166 (citation omitted), and thus the fact that relief is no

longer available under that provision does not render it either inadequate or

ineffective. Mr. Braun's ability to challenge his state convictions under section

2255 may now well be extinguished. In concluding that section 2255 could not be

used to collaterally attack state convictions used in federal sentencing, the

Supreme Court has recently held that "[i]f . . . a prior conviction used to enhance

a federal sentence is no longer open to direct or collateral attack in its own right

because the defendant failed to pursue those remedies while they were available

. . . , then that defendant is without recourse." *Daniels v. United States*, 532 U.S.

374, 382 (2001).[2] However, the fact that section 2255 is no longer available does

not mean that the federal remedies available at one point were not adequate or

effective, it merely means that Mr. Braun did not pursue them in a timely manner.

*See, e.g., Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000) ("section 2255's

substantive and procedural barriers by themselves do not establish that section

2255 is inadequate or ineffective") (citing *Triestman v. United States*, 124 F.3d

---

[2] Mr. Braun attempted to challenge his state convictions in a petition
brought under 28 U.S.C. § 2254 and filed in the federal district court in Kansas.
These proceedings were dismissed for failure to exhaust. *See Braun v. Stovall*,
No. 97-3237, 1998 WL 165115 (10th Cir. April 3, 1998); *Braun v. Stovall*, Nos.
95-3275, 95-3286, 95-3324, 1996 WL 211737 (10th Cir. April 30, 1996).

361, 376 (2d Cir. 1997)).

Mr. Braun also appears to urge the court to construe his action as one in the nature of writ of error *coram nobis*, which would be available to challenge his state convictions regardless of his custody status. *See United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994). This remedy, however, is "extremely circumscribed," *United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996), and is "available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice," *Bustillos*, 31 F.3d at 934. Mr. Braun's pleadings simply do not carry this heavy burden.[3]

We **DENY** Mr. Braun's request for leave to proceed on appeal in forma pauperis and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[3] We note that Mr. Braun has unsuccessfully challenged his state convictions by *coram nobis* in the state courts of Kansas.