**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

UNDRA D. LEE,

Defendant-Appellant.

No. 05-3071
(D.C. Nos. 04-CV-3389-JTM and
93-CR-10043-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **McCONNELL**, Circuit Judges.

Undra D. Lee appeals the district court's denial of his pro se motion to

vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. The

district court determined that Mr. Lee's motion was untimely because it was filed

outside the one-year period of limitation contained in the Antiterrorism and

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(1)-(4). Mr. Lee does not dispute that his judgment of conviction became final in 1993. Because his conviction became final before the effective date of AEDPA, Mr. Lee had until April 24, 1997, to file for § 2255 relief. *See Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004) (noting, in similar context of remedies available to state prisoners, 28 U.S.C. § 2254, that the end of AEDPA's statutory grace period was April 24, 1997). Indeed, the district court was even more charitable, holding that under § 2255(3) Mr. Lee arguably had until May 18, 1999, to file for § 2255 relief, which date was one year from the date that *Bousley v. United States*, 523 U.S. 614, 621 (1998), made *Bailey v. United States*, 516 U.S. 137, 150 (1995), retroactively applicable to cases on collateral appeal.[1] Thus, since Mr. Lee did not file his § 2255 motion until October 14, 2004, "nearly eleven years after the date of his conviction, eight years after *Bailey*, and some six years after the decision in *Bousley*," R., Doc. 39 at 2, the district court held the motion untimely and denied relief. We previously granted Mr. Lee a certificate of appealability. *See* 28 U.S.C. § 2253(c). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we affirm.

---

[1] *But see Dodd v. United States*, __ U.S. __, 125 S.Ct. 2478, 2482 (2005) (holding that the date from which the limitation period begins to run under § 2255(3) is the date that the Court initially recognizes the right asserted in an applicant's § 2255 motion, *not* the date on which the right is made retroactively applicable).

On October 29, 1993, following the entry of a guilty plea, Mr. Lee was sentenced to five years' imprisonment and three years' supervised release for using and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). Mr. Lee did not take a direct appeal. In October 2004, he filed the present § 2255 motion, asserting that his conviction should be vacated because the Government did not demonstrate that he actively employed the firearm at issue, as is required to sustain a conviction under § 924(c)(1). *Bailey,* 516 U.S. at 150. Instead, argued Mr. Lee, "the admitted facts indicate that the gun merely lay inert under the bed mattress," R., Doc. 38 at 8. Construing Mr. Lee's § 2255 motion liberally, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), the motion also alluded to actual innocence. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (suggesting that actual innocence of a defendant may be grounds for tolling AEDPA's similar one-year statute of limitations for state prisoners, 28 U.S.C. § 2244(d)(1)).

The district court found Mr. Lee's § 2255 motion untimely under AEDPA's one-year period of limitation and denied relief without reaching the merits of his claims. Mr. Lee filed a motion for reconsideration, contending that his plea was not knowing and voluntary because he was misinformed by the district court as to the essential elements of the crime charged. The district court denied Mr. Lee's motion for reconsideration.

This court issued a certificate of appealibility to consider whether the district court erred in denying Mr. Lee's § 2255 motion on timeliness grounds without examining whether he was entitled to equitable tolling pursuant to his claims of actual innocence.[2]  Because this issue requires us to address a question of law, our review of the district court's denial of § 2255 relief is de novo.  *See Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000).  "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'"  *Id.* at 808 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  Actual innocence, for example, constitutes a rare and exceptional circumstance.  *See id.*  Notwithstanding, equitable tolling "is *only* available when an inmate diligently pursues his claims *and* demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added).

Mr. Lee's underlying challenge to his conviction is based on the Supreme Court's opinion in *Bailey*, which was issued on December 6, 1995.  Mr. Lee,

---

[2]     Having reviewed Mr. Lee's timely submission in response to our show cause order, we conclude that when he filed the § 2255 motion he was in custody under the conviction and sentence challenged in the motion.     *See United States v. Hernandez*, 94 F.3d 606, 613 (10th Cir. 1996) (observing that § 2255 relief is available only to one who, when he files his § 2255 motion, is in custody under the conviction and sentence he seeks to vacate, set aside, or correct).

however, did not file his § 2255 motion until October 14, 2004. Thus, Mr. Lee has not diligently pursued his *Bailey* claim, and he has provided no explanation for his failure to do so. Further, in demonstrating that his failure to comply with AEDPA's one-year statute of limitations was caused by extraordinary circumstances beyond his control, Mr. Lee must not only prove actual innocence as to the gun charge to which he pleaded guilty, he must also prove actual innocence of the three drug counts for which he was indicted. *See Bousley*, 523 U.S. at 624 ("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."). Mr. Lee makes no such showing.

We conclude that the district court properly denied Mr. Lee's § 2255 motion as untimely, and we AFFIRM the judgment of the district court. Mr. Lee's motion for appointment of counsel is DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge

-5-