**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MITCHELL S. BEALS,

Defendant-Appellant.

No. 97-1387
(D.C. No. 96-B-2033)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Mitchell S. Beals, appearing pro se, appeals from the denial of his motion for post-conviction relief. The district court denied his application for a certificate of appealability. Because he has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we also decline to issue him a certificate of appealability, and dismiss the appeal.

Defendant was convicted of criminal contempt under 18 U.S.C. § 401(3) for failing to comply with court orders directing him to produce certain organizational business and financial records in response to grand jury subpoenas. We affirmed his conviction on appeal. See United States v. Voss, 82 F.3d 1521 (10th Cir.), cert. denied sub nom. Beals v. United States, 117 S. Ct. 226 (1996). Defendant then filed this motion to vacate sentence pursuant to 28 U.S.C. § 2255 and petition for writ of error coram nobis.

In the district court, defendant argued that his trial counsel was constitutionally ineffective: (1) for failing to argue that the rule of lenity should apply; (2) for failing to object to the mens rea portion of the jury instruction on criminal contempt; and (3) for failing to lay the proper foundation for him to testify to his lack of willfulness. The magistrate judge recommended that defendant's § 2255 motion be denied because he had not shown that he was prejudiced by any of his counsel's alleged unprofessional errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that defendant must show his

counsel's performance fell below objective standard of reasonableness and prejudiced the defense to establish ineffective assistance). The magistrate judge further determined that defendant misunderstood the legal requirements of specific intent. Finally, the magistrate judge determined that defendant had not shown his entitlement to the extraordinary remedy of coram nobis, as he had not demonstrated that the writ was necessary to achieve justice. See United States v. Morgan, 346 U.S. 502, 511-12 (1954); United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994); United States v. Williamson, 806 F.2d 216, 222 (10th Cir. 1986). The district court adopted the magistrate judge's recommendation.[1]

On appeal, defendant argues that his trial counsel was constitutionally ineffective for failing to object to the mens rea portion of the jury instruction on criminal contempt. He asserts that his "counsel's failure to secure an instruction which would have lead [sic] the jury to reach the question as to whether [he]

---

[1] Defendant was sentenced to eighteen months' imprisonment to be followed by one year of supervised release. He states that he was ordered to surrender to begin serving his sentence on August 30, 1996. See Appellant's Br. at page 1 of attachment 1. He filed his motion to vacate sentence pursuant to 28 U.S.C. § 2255 and petition for writ of error coram nobis on August 26, 1996. Because defendant was facing incarceration under judgment of conviction at the time he filed his motions, he was in custody for the purposes of § 2255. Cf. Maleng v. Cook, 490 U.S. 488, 493 (1989) (per curiam) (holding that defendant under detainer for sentence he had not yet begun to serve was "in custody" for purposes of habeas attack). The district court therefore lacked jurisdiction to entertain defendant's petition for writ of error coram nobis. See Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994).

knew that the court orders which he disregarded were directed at him, forms the basis for this present appeal." Appellant's Br. at page 4 of attachment 2.

We find no reversible error. As noted by the magistrate judge, defendant challenged the mens rea portion of the jury instruction on direct appeal. The instruction required the jury to find "[t]hat the defendant acted willfully and knowingly in disobeying or disregarding the court order." Voss, 82 F.3d at 1529. Although his counsel's failure to object to this aspect of the instruction at trial resulted in a review only for plain error, we found "no error in the district court's instruction regarding the requisite mens rea." Id. at 1530. Defendant has not shown a reasonable probability that the outcome of his trial would have been different if his counsel had objected to the mens rea portion of the instruction, and he has therefore failed to establish prejudice. See Strickland, 466 U.S. at 694. Moreover, the specific intent required for criminal contempt is the specific intent to "consciously disregard an order of the court." Waste Conversion, Inc. v. Rollins Envtl. Servs. (NJ), Inc., 893 F.2d 605, 610 (3d Cir. 1990) (quotation omitted); cf. United States v. Hilliard, 31 F.3d 1509, 1517-18 (10th Cir. 1994) (noting that some statutes impose additional requirement for government to prove defendant knew his conduct was illegal). Therefore, there is no merit to defendant's argument that the instruction should have required the

jury to find a "voluntary, intentional violation of a known legal duty." <u>See</u> Appellant's Br. at page 1 of attachment 4.

To the extent defendant attempts to argue that the notice provided by the subpoenas was insufficient or that the evidence was insufficient to support his conviction, those issues were decided against him on appeal and cannot be revisited now.

We lack jurisdiction to consider defendant's petition for writ of error coram nobis.

The application for a certificate of appealability is denied. The appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM