UNITED STATES of America, Plaintiff–Appellee,

v.

Fernando BUSTILLOS, Defendant–Appellant.

No. 92–2270.

United States Court of Appeals, Tenth Circuit.

Feb. 2, 1994.

David N. Williams, Senior Litigation Counsel (Don J. Svet, U.S. Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellee.

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, NM, for defendant-appellant.

Before MCKAY and EBEL, Circuit Judges, and SAFFELS,* District Judge.

SAFFELS, Senior District Judge.

Petitioner Fernando Bustillos appeals an order by the United States District Court for the District of New Mexico denying his collateral attack on his sentence, filed pursuant to 28 U.S.C. § 2255.

The petitioner was originally indicted, along with two co-defendants, for possessing and uttering counterfeit obligations. The alleged offenses occurred on July 27, 1984. Following plea negotiations, he pleaded guilty to an information charging one count of misprision of felony, in violation of 18 U.S.C. § 4. Thereafter, during the same plea hearing, the defendant entered a plea pursuant to Fed.R.Crim.P. 20(a) to one count of a four-count indictment then pending in the United States District Court for the Southern District of Texas. The count to which petitioner entered the plea charged him with conspiracy to pass counterfeit obligations.

The defendant was sentenced on both convictions on October 22, 1984. Petitioner was initially sentenced to the maximum term of three years on the misprision conviction. He was sentenced on the conspiracy conviction to five years, with the sentence ordered to run consecutively to the sentence for misprision of felony. He did not appeal either sentence.[1]

Petitioner's motion challenging the misprision conviction pursuant to 28 U.S.C. § 2255 was filed June 14, 1990, nearly six years later. He contends that an insufficient factual basis was presented at the plea hearing to

---

* The Honorable Dale E. Saffels, Senior United States District Judge for the District of Kansas, sitting by designation.

1. The defendant filed only a motion for modification of sentence pursuant to the former version of Fed.R.Crim.P. 35(b), which was denied. He did not take an appeal from the order denying modification of sentence.

support his guilty plea to the misprision of felony charge. Specifically, he contends that there was an insufficient factual basis for his guilty plea, because no reference was made to any affirmative act of concealment of the underlying felony, a necessary element of the misprision offense. *See, e.g., United States v. Baez,* 732 F.2d 780, 782 (10th Cir.1984).

At the outset, we must consider the government's motion to dismiss the appeal for lack of jurisdiction, on the ground that the petitioner had fully served the three-year sentence for the challenged conviction by the time he filed his motion attacking that sentence on June 14, 1990. The government argues that the defendant was no longer "in custody" on the sentence he is now challenging, and therefore neither the district court nor this court has subject matter jurisdiction to consider his collateral attack.

 While the petitioner correctly asserts that the government did not raise this argument before the district court, a challenge to the court's jurisdiction may be raised at any time, even for the first time on appeal. *See* Fed.R.Civ.P. 12(h)(3); *Farmers Ins. Co., Inc. v. Hubbard,* 869 F.2d 565, 570 (10th Cir. 1989); *cf. United States v. Siviglia,* 686 F.2d 832, 835 (10th Cir.1981) (court may notice lack of subject matter jurisdiction on its own motion at any time), *cert. denied,* 461 U.S. 918, 103 S.Ct. 1902, 77 L.Ed.2d 289 (1983).

The Supreme Court held in *Parker v. Ellis,* 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), that when a state prisoner had fully served his sentence, the Court lost jurisdiction to adjudicate the merits of his petition for habeas corpus that had been filed while he was in custody. The Court reversed *Parker* in *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), noting that even after a sentence has been fully served, the "'disabilities or burdens [which] may flow from' petitioners's conviction'" give him "'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.'" 391 U.S. at 237, 88 S.Ct. at 1559 (quoting *Fiswick v. United States,* 329 U.S. 211, 222, 67 S.Ct. 224, 230,

91 L.Ed. 196 (1946)). Nevertheless, the *Parker* Court reiterated the requirement that the petitioner must be "in custody" *at the time of filing* his writ of habeas corpus. This court has held that the principles announced in *Carafas* for habeas corpus proceedings apply equally to motions under 28 U.S.C. § 2255. *See Sciberras v. United States,* 404 F.2d 247, 249 (10th Cir.1968); *Crow v. United States,* 397 F.2d 284, 285 (10th Cir.1968).

 A collateral challenge under 28 U.S.C. § 2255, like a habeas corpus proceeding, is available only to attack (1) a federal sentence under which the defendant is in custody at the time of initiating the petition, *Heflin v. United States,* 358 U.S. 415, 418, 79 S.Ct. 451, 453, 3 L.Ed.2d 407 (1959); *United States v. Condit,* 621 F.2d 1096, 1098 (10th Cir. 1980); *Blair v. United States,* 349 F.2d 405, 405 (10th Cir.1965); *Igo v. United States,* 303 F.2d 317, 318 (10th Cir.1962);[2] or (2) a federal sentence that has been ordered to run consecutively to a another sentence under which the defendant is in custody at the time of filing the challenge, *see Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968); *Simmons v. United States,* 437 F.2d 156, 157 (5th Cir.1971).

 The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Consequently, the petitioner in this case has the burden of persuading this court by a preponderance of the evidence that the court has jurisdiction. *See McNutt,* 298 U.S. at 189, 56 S.Ct. at 785.

 At oral argument, counsel for the petitioner contended that he was on parole from a prior twenty-year sentence for bank robbery at the time the challenged sentence was imposed, and that the petitioner was sent back to prison thereafter to complete

**2.** It does not matter that the petitioner challenges only the first of two consecutive sentences, and therefore may not win immediate physical release even if his petition is successful. *See, e.g., Walker v. Wainwright,* 390 U.S. 335, 337, 88 S.Ct. 962, 963–64, 19 L.Ed.2d 1215 (1968).

that sentence after violating the terms of his prior release. He also argued that the Federal Bureau of Prisons informed counsel that the petitioner is presently in custody in part for the misprision of felony conviction, and that the terms for each of the offenses were all "fungible." In response, the government argued that the petitioner was not serving a sentence for bank robbery at the time he was sentenced for misprision of felony, and that even if there were a prior sentence that had not yet been fully served, it must be assumed that the misprision sentence was to run concurrent with it since the sentencing court did not order the misprision sentence to run consecutive to any prior sentence.

There is no evidence in the record on appeal to support the petitioner's argument that he was ordered to serve the balance of a prior sentence from which he had been paroled, and that it is therefore "conceivable" that he could have been serving the three-year sentence for misprision of felony in 1990 when his § 2255 motion was filed. Since the jurisdictional issue was never presented to the district court, which held no hearing on the petitioner's § 2255 motion, no evidentiary record was developed below. Nevertheless, the petitioner has the burden of persuading the court that subject matter jurisdiction exists, and the paucity of evidence in the record simply does not support his arguments in favor of jurisdiction.

At oral argument, the defendant also cited 18 U.S.C. § 3584(c) in support of his assertion that multiple terms of imprisonment are treated by the Federal Bureau of Prisons for administrative purposes as a single, aggregate term of imprisonment. Hence, even though more than three years have elapsed since he was sentenced on the misprision conviction, and even though he does not attack his sentence on the subsequent conviction for conspiracy, he contends that he remains "in custody" on the misprision conviction.

■ The defendant's reliance on 18 U.S.C. § 3584 is misplaced. The cited statute was enacted in 1984, but did not take effect until November 1, 1987. Further, it applies only to offenses committed after that date. *See* Pub.L. No. 98–473, § 235, as amended, *re-printed in* 18 U.S.C.A. § 3551 (historical note) (West Supp.1993). Moreover, the Federal Bureau of Prisons' treatment of multiple sentences for administrative purposes is not binding on a court in determining whether it has jurisdiction to address a collateral challenge filed pursuant to § 2255.

■ In the alternative, the petitioner asks this court to construe his motion as a writ of error *coram nobis*, which is available as a remedy regardless of whether he was in custody on the challenged sentence at the time he initiated this § 2255 proceeding. *See Igo v. United States,* 303 F.2d at 318; *United States v. Haga,* 740 F.Supp. 1493, 1496 (D.Colo.1990), *aff'd,* 931 F.2d 642 (10th Cir. 1991). However, a writ of error *coram nobis* is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice. *United States v. Williamson,* 806 F.2d 216, 222 (10th Cir.1986) (citations omitted). That is not the case here. The defendant does not assert his innocence of the charge to which he pleaded guilty. Further, our careful review of the transcript of the plea hearing leads us to conclude that the defendant knowingly and intelligently pleaded guilty to misprision of felony as charged in the information, which included an allegation that the defendant willfully concealed the uttering or publishing of counterfeit obligations by his co-defendants. The colloquy at the plea hearing shows that the defendant knew exactly what he was doing when he entered the plea, and readily acknowledged that he was guilty.

Finally, even if we determined the jurisdictional issue in his favor, the defendant has not demonstrated cause and prejudice for his failure to raise the issue on direct appeal from his conviction, and his appeal is therefore procedurally barred. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir.1993).

The appeal is DISMISSED for lack of jurisdiction.