68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard C. BEALS, Defendant-Appellant.
 No. 94-4256.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Richard C. Beals, proceeding pro se, filed a postconviction motion under 28 U.S.C. 2255 to vacate, set aside or correct his sentence imposed for his conviction on charges of interstate communication of threats. The district court dismissed the 2255 motion because (1) defendant was not in custody at the time the motion was filed, and (2) the motion attempted to raise issues rejected in prior 2255 motions.
 
 
 3
 On appeal, defendant contends his convictions resulted from (1) a defective indictment, (2) a conspiracy to deny him access to the prosecution's file, (3) governmental misconduct, (4) ineffective assistance of counsel, and (5) erroneous jury instructions. Defendant has not addressed the district court's finding that he was not "in custody" when he filed his motion, or that the present motion constitutes a successive petition. He has not challenged the district court's restrictions on future filings in the district court.
 
 
 4
 A 2255 petitioner must be "in custody" at the time his motion is filed. United States v. Bustillos, 31 F.3d 931, 933 (10th Cir.1994); accord 28 U.S.C. 2241(c).
 
 
 5
 A collateral challenge under 28 U.S.C. 2255, like a habeas corpus proceeding, is available only to attack (1) a federal sentence under which the defendant is in custody at the time of initiating the petition, or (2) a federal sentence that has been ordered to run consecutively to another sentence under which the defendant is in custody at the time of filing the challenge.
 
 
 6
 Bustillos, 31 F.3d at 933 (citations and footnote omitted). Defendant has failed to meet his burden to establish the federal courts' subject matter jurisdiction over this case because he has alleged no facts whatsoever to challenge the district court's holding that he was not in custody at the time his 2255 motion was filed. See id. (burden is on party seeking to invoke federal court's jurisdiction to demonstrate facts supporting jurisdiction). Accordingly, we affirm the district court's order dismissing the 2255 motion.
 
 
 7
 We further agree with the district court's alternative holding to dismiss the motion as a successive petition pursuant to 2255 and Rule 9(b) of the rules governing 2255 proceedings. We have reviewed the record in this case and conclude that defendant's current motion, his fourth 2255 motion in this case, revisits claims that were raised and rejected on the merits in hearings on previous 2255 motions or on direct appeal. A subsequent motion for federal collateral relief that fails to raise new claims or issues is a "successive petition." Schlup v. Delo, 115 S.Ct. 851, 863 n. 34 (1995) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6 (1986) (plurality opinion)); Coleman v. Saffle, 869 F.2d 1377, 1380 (10th Cir.1989), cert. denied, 494 U.S. 1090 (1990). Cf. Schlup, 115 S.Ct. 851, 863 n. 34 (when a subsequent motion raises new claims that were available but not relied upon in a prior petition, it is considered an "abusive petition"). Unless defendant shows "cause and prejudice" sufficient to excuse his failure to present evidence in support of a claim when it was previously considered, or demonstrates that a redetermination of a claim is necessary to avoid a fundamental miscarriage of justice, a federal court may properly dismiss claims presented in a successive 2255 petition. 28 U.S.C. 2244(a); 28 U.S.C. foll. 2255 Rule 9(b); Schlup, 115 S.Ct. at 862-65; Sanders v. United States, 373 U.S. 1, 15-17 (1962); cf. Andrews v. Deland, 943 F.2d 1162, 1171-72 (10th Cir.1991) (discussing dismissal of successive petitions in context of 2254 habeas motion), cert. denied, 502 U.S. 1110 (1992). Defendant has made no attempt to show cause and prejudice or miscarriage of justice in relation to this motion. Thus, the district court properly dismissed this fourth 2255 motion on the basis that it presented only claims previously considered and decided.
 
 
 8
 The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470