74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 R.G. REYNOLDS, Petitioner-Appellant,
v.
The Honorable JANET RENO, Attorney General of the United
States of America; KATHLEEN M. HAWK, Director, Federal
Bureau of Prisons; WILLIAM PERRILL, Warden and Chief
Executive Officer, Federal Correctional Institution,
Littleton, CO, Respondents-Appellees.
 No. 95-1152.
 United States Court of Appeals, Tenth Circuit.
 Jan. 19, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner R.G. Reynolds appeals from an order of the district court dismissing his petition for habeas corpus filed pursuant to 28 U.S.C. 2255. We affirm.
 
 
 3
 Mr. Reynolds is serving a twelve-year sentence imposed following a jury verdict of guilty to thirteen counts of mail fraud. See Appellant's App., Petition for Habeas Corpus, Ex. 1 (Judgment and Commitment Order). An additional twenty-four month sentence, to be served consecutively to the mail fraud sentence, was imposed on two counts of witness tampering. Id. Mr. Reynolds does not dispute that the mail fraud crimes occurred before November 1, 1987, the effective date of the Sentencing Reform Act, and the witness tampering crimes occurred after November 1, 1987.
 
 
 4
 The sentence imposed on the witness tampering verdict was filed as a detainer against Mr. Reynolds pending his completion of the sentences imposed on the mail fraud counts in accordance with the policy set forth in the Bureau of Prisons Security Designation and Custody Classification Manual, Document PS5100.05, Ch. 7, Pg. 8, p 6c.[2] In his petition, Mr. Reynolds alleged the detainer was punitive and violated 18 U.S.C. 3584(c).[3] Mr. Reynolds alleged that because of the detainer, he had been wrongly classified and was subjected to imprisonment in a higher security facility than he should have been. See Appellant's App., Amended Petition for Habeas Corpus at 4.
 
 
 5
 The district court dismissed the petition. The court, relying on United States v. Bustillos, 31 F.3d 931, 934 (10th Cir.1994), held that 3584(c) applied only to offenses committed after the Sentencing Reform Act took effect and, therefore, the Bureau of Prisons acted correctly in not aggregating the sentences. Appellees' App. at 153 (District Court's Order at 2).
 
 
 6
 Initially, we note that prisoner classification is committed to the discretion of federal prison officials. See 18 U.S.C. 4081. Therefore, inmates have no legitimate constitutional, see Meachum v. Fano, 427 U.S. 215, 224 (1976), or statutory, see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976), entitlement sufficient to invoke due process concerns.[4]
 
 
 7
 Mr. Reynolds does not allege any such violation. Rather, he alleges that 3584(c) was violated. However, as the district court noted, 3584(c) applies only to offenses committed after November 1, 1987, the date the guidelines took effect. See Bustillos, 31 F.3d at 934. Therefore, the Bureau of Prisons' policy that sentences imposed for offenses which occurred prior to November 1, 1987, not be aggregated with sentences imposed under the Sentencing Reform Act but instead be held as a detainer until served, does not violate 3584(c). Further, this policy does not violate any liberty interest Mr. Reynolds may have to a proper security classification.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Paragraph 6c provides that any adjudicated sentence not absorbed into the federal sentence the inmate is currently serving should be considered a detainer. Id. A sentence imposed to be served consecutively to the sentence currently being served has not been absorbed into that sentence
 
 
 [3]
 Section 3584(c) provided that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."
 
 
 [4]
 Respondents cite an unpublished order and judgment of this court as support for this principle. We remind counsel that citation to unpublished orders and judgments is disfavored by this court except if the order and judgment "has persuasive value with respect to a material issue in a case and would assist the court in its disposition." In re Citation of Unpublished OpinionsOrders & Judgments, 151 F.R.D. 470, 470 (10th Cir.1993). The principle to which respondents cited is of general knowledge and acceptable citations are readily available and should be used