101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lionel MARQUEZ, Jr., Rosario Marquez, a/k/a Eliza Rosario,
and Lionel Marquez, Sr., Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 95-2470L, 95-2492(CON), 95-2595(CON).
 United States Court of Appeals, Second Circuit.
 April 12, 1996.
 
 1
 Gary B. Friedman, New York, N.Y.
 
 
 2
 Elisa Rosario Marquez, pro se, Marianna, FL.
 
 
 3
 Michael H. Handwerker, Handwerker, Honschke, Marchelos & Gayner, New York, N.Y.
 
 
 4
 Bart G. Van De Weghe, Asst. U.S. Atty., New York, N.Y.
 
 
 5
 S.D.N.Y.
 
 
 6
 AFFIRMED.
 
 
 7
 Before NEWMAN, Chief Judge, PARKER, Circuit Judge, and NICKERSON,*
 
 
 8
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted by appellant Rosario Marquez, pro se, argued by counsel for the remaining appellants and by counsel for appellee.
 
 
 9
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders of the District Court are hereby AFFIRMED.
 
 
 10
 Lionel Marquez, Sr., his wife, Eliza Marquez (appearing pro se ), and his son, Lionel Marquez, Jr., appeal from orders of the District Court denying their motions to vacate their convictions under 28 U.S.C. § 2255. Marquez, Sr.'s motion was denied August 23, 1995; his wife and son's motions were denied June 15, 1995. The motions endeavor to raise double jeopardy challenges to their convictions because of forfeiture proceedings.
 
 
 11
 Marquez, Jr., was sentenced to probation with a requirement of community service and a fine. His probation was terminated on April 23, 1993, prior to the date he filed his motion attacking his conviction. Since he was not in custody at the time of his motion, it could not be brought under section 2255, see United States v. Bustillos, 31 F.3d 931, 933 (10th Cir.1994), and the District Court should not have relabeled his motion for coram nobis as one for relief under section 2255. Nevertheless, the denial of a collateral attack was correct. The criminal conviction was entered before the judgment in the civil forfeiture proceeding, and could not have been barred by double jeopardy. To the extent that Marquez, Jr. attacks the civil forfeiture judgment itself, his claim fails because a default entered, after a criminal conviction, in a forfeiture proceeding in which no claim or answer is filed constitutes a waiver of any jeopardy. See United States v. Idowu, 74 F.3d 387 (2d Cir.1996). We need not consider the situation where a default in a civil forfeiture judgment precedes a criminal conviction.
 
 
 12
 The appeals of Marquez, Sr., and his wife are also without merit, since they have not shown cause for their failure to raise on direct review the issues they now assert. See Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992). In any event, their prior administrative forfeitures, which were uncontested, are not punishment for jeopardy purposes, see Idowu, and to the extent that Marquez, Sr. is complaining about the forfeiture of $876,000, that sum was forfeited in connection with the plea agreement, and was therefore forfeited in the same proceeding as the criminal prosecution.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation