UNITED STATES COURT OF APPEALS
**Filed 12/17/96**
TENTH CIRCUIT

---

KENNETH SINKS,            )
                              )

      Petitioner-Appellant,     )
                              )

vs.                           )         No. 95-2273
                              )    (D.C. No. 90-1077 SC/DJS)

JOHN SHANKS,           )          (D. N.M.)
                              )

      Respondent-Appellee.     )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, McWILLIAMS, and BALDOCK, Circuit Judges.

---

This matter is before the court on Petitioner Kenneth Sinks's application for a certificate of probable cause to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We treat the application as an application for a certificate of appealability under <u>Lennox v. Evans</u>, 87 F.3d 431 (10th Cir. 1996), <u>petition for cert. filed</u>, _ U.S.L.W. _ (U.S. Oct. 21, 1996) (No. 96-6621). Because Petitioner has

---

[*] This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R.36.3.

not made a substantial showing of the denial of a constitutional right, we deny his application and dismiss the appeal.

Petitioner was convicted and sentenced by a New Mexico state court on two counts of conspiracy to commit fraud, three counts of fraud, one count of criminal solicitation, and one count of racketeering related to the construction of ethanol plants in Clovis, New Mexico. Petitioner pleaded guilty to several federal charges, based on the same conduct, in separate proceedings in the Western District of Missouri. Petitioner now contends that: (1) he was denied effective assistance of counsel at his state criminal trial because he was represented by an inexperienced and under-prepared trial attorney, who received little support from her public defender office, and (2) he was denied effective assistance of counsel during his sentencing due to his sentencing attorney's failure to request, at his first sentencing hearing, that his state sentence be served concurrently with his federal sentence and due to his attorney's subsequent failure to inform him that he could obtain consideration of his request that he be permitted to serve his state sentence concurrently with his federal sentence in the state court without voluntarily dismissing his appeal.[1]

---

[1] Since the filing of his § 2254 petition, Petitioner has been released from incarceration and has completed his probation. Because he filed his petition while he was incarcerated, however, Petitioner has met the "in custody" jurisdictional requirement for the filing of a § 2254 petition. See United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994). Moreover, Respondent has not argued that this case has become moot by reason of Petitioner's release from incarceration and completion of probation, and presumably he still suffers "the disabilities or burdens which may flow from Petitioner's conviction." Id. (internal quotation omitted); United States v. Chavez-Palacios, 30 F.3d 1290, 1293 & n.3 (10th Cir. 1994).

The Magistrate Judge held an evidentiary hearing on the issue of Petitioner's claim for denial of effective assistance of counsel. Petitioner's trial and sentencing attorneys and one of the state prosecutors, as well as Petitioner, testified at the evidentiary hearing. After considering this testimony and the tape recordings of the state criminal trial, the Magistrate Judge credited the testimony of Petitioner's attorneys over his testimony and specifically found that Petitioner was not afforded ineffective assistance of counsel by reason of the inexperience of his trial attorney or by insufficient technical support. The Magistrate Judge also found that Petitioner knowingly withdrew his state appeal in order to obtain the state's concurrence in his request to the state court that he be permitted to serve his sentence concurrently with his federal sentence, and that he, thus, could not show that the withdrawal of the appeal demonstrated ineffective assistance of counsel. After considering the record and Petitioner's objections, the district court adopted the Magistrate Judge's recommendation and dismissed the petition with prejudice.

We have reviewed the Magistrate Judge's report and recommendation, the district court's order, the parties' briefs, and the entire record before us. In his briefs, Petitioner generally relies on his own testimony given at the evidentiary hearing. The Magistrate Judge largely chose to credit the countervailing testimony of the other witnesses based on his credibility determinations, and Petitioner has not shown that the Magistrate Judge or the district court committed clear error with regard to the factual findings. See Romero v. Tansy, 46 F.3d 1024, 1028 (10th Cir.), cert. denied, 115 S. Ct. 259 (1995). We conclude

3

that Petitioner has failed to make a substantial showing of the denial of a constitutional right for the reasons set forth in the Magistrate Judge's report and recommendation.  See Hogan v. Zavaras, 93 F.3d 711, 712 (10th Cir. 1996).  Accordingly, we deny Petitioner's application for a certificate of appealability and dismiss the appeal.

APPLICATION DENIED AND APPEAL DISMISSED.


Entered for the Court,


Bobby R. Baldock

4