**Linda M. RICHARD, Plaintiff,**

v.

**William A. HALTER, Acting Commissioner of Social Security Administration,[1] Defendant.**

**No. 00–C–573–M.**

United States District Court,
N.D. Oklahoma.

Feb. 9, 2001.

---

1. Effective January 20, 2001, pursuant to Fed. R.Civ.P. 25(d)(1), William A. Halter, Acting Commissioner of Social Security, is substituted for Kenneth S. Apfel as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

David C Bean, Garrett Law Firm, Muskogee, OK, for Linda M Richard, plaintiffs.

Cathryn Dawn McClanahan, United States Attorney, Tulsa, OK, for Social Security Administration, Commissioner—Kenneth S Apfel, defendants.

## *ORDER*

McCARTHY, United States Magistrate Judge.

This action is an appeal by Plaintiff of the denial of her claim for social security benefits. Defendant's Motion to Dismiss is before the Court for decision.[2] [Dkt. No. 12–1]. Defendant asserts that the Court lacks jurisdiction to consider Plaintiff's appeal due to Plaintiff's failure to exhaust her administrative remedies. Plaintiff claims that she has exhausted her administrative remedies and that the Court has jurisdiction to consider her appeal. An evidentiary hearing on Defendant's motion was held January 18, 2001. The Court **GRANTS** Defendant's Motion to Dismiss. [Dkt. No. 12–1].

## JURISDICTION

■ A party seeking to invoke the jurisdiction of the Court has the burden to establish, by a preponderance of the evidence, that the Court has jurisdiction. *See, e.g., United States v. Bustillos,* 31 F.3d 931 (10th Cir.1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction."); *Penteco Corp. v. Union Gas System Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991) ("Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.").

Jurisdiction to review a decision of the Commissioner of Social Security is strictly limited by statute. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Judicial review is permitted only after a final decision of the Commissioner.

> Any individual, after any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

■ The case law and regulations are clear. A decision of the Commissioner is not "final" until the claimant requests review before the Appeals Council and the Appeals Council either grants or denies review. *See* 20 C.F.R. § 404.900. ("When you have completed the steps of the administrative review process listed in paragraphs (a)(1) [initial determination] through (a)(4) [Appeals Council review] of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal District Court."); *Califano v. Sanders,* 430 U.S. 99, 103 n. 3, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Thus, for Plaintiff to establish that jurisdiction in this Court is proper, Plaintiff must prove by a preponderance of the evidence that the Defendant made a final decision on her claim. A final decision requires action by the Appeals Council. In her attempt to meet this burden of proof, Plaintiff attached, to her complaint, a copy of a letter purportedly from the Appeals Council which denies Plaintiff's request for review. [Defendant's Exhibit 5]. Defendant responds that the letter was not issued by the Appeals Council, and is

---

**2.** In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

not authentic. Defendant maintains that Plaintiff did not file a "Request for Review of Hearing Decision/Order" with the Appeals Council, and that no final decision was ever entered by the Appeals Council.

## RELEVANT FACTS

Most of the facts are not disputed. The parties agree that Plaintiff filed and pursued her claim for disability benefits with the Social Security Administration, that Plaintiff's claim was denied, and that Plaintiff appealed the denial to an Administrative Law Judge ("ALJ"). The parties agree that the ALJ entered a decision denying benefits on July 28, 1998, and that this decision was mailed to Plaintiff. The decision advised Plaintiff that she had 60 days to seek Appeals Council review of the ALJ's decision. This letter additionally informed Plaintiff that if she did not file an appeal with the Appeals Council, she would have no right to judicial review.

Plaintiff and her attorney [3] testified that after Plaintiff received the ALJ's unfavorable decision, with the assistance of her attorney, Plaintiff completed a Request for Review of Hearing Decision/Order form. Plaintiff's attorney testified that although she did not specifically recall this particular case, her usual practice is to give the completed form to her legal assistant to be mailed, and she believed this practice was followed in this case. The legal assistant testified that she did not specifically recall mailing Plaintiff's Request for Review of Hearing Decision/Order form, but that she generally mailed these types of forms and that she presumes she mailed this form. Plaintiff has no other evidence that this form was actually mailed.[4]

3. Plaintiff is represented, in this case, by Mr. David C. Bean, with the Garrett Law Firm. Neither Mr. Bean nor the Garrett Law Firm were involved in the representation of Plaintiff before the Social Security Administration, or the purported appeal to the Appeals Council. References in this Order to "Plaintiff's attorney" are *not* references to either Mr. Bean or the Garrett Law Firm.

4. If this case is an example of the way that Social Security appeals are usually handled in the "real world," the process of filing a timely appeal with the. Appeals Council is a risky proposition.

Plaintiff's attorney testified that her standard practice is to mail the forms to the Appeals Council. Plaintiff's attorney also testified that in her experience, she receives nothing back from the Appeals Council that acknowledges receipt of the appeal. This standard practice leaves Plaintiff's attorney with no documentation that the forms were received. Why Plaintiff's attorney follows this standard practice when the inherent risks with this procedure could be rectified by the use of a "return receipt required" mail service was not explained in the testimony.

The Social Security administrative forms and communications are confusing on this issue. The letter which accompanies the ALJ's denial decision states that any appeal must be in writing and filed with either the local Social Security office, or hearing office, or mailed to the Appeals Council in Virginia. In contrast to the ALJ's denial letter, the Request for Review of Hearing Decision/Order form states, "Take or mail original and all copies to your local Social Security office." *See* Defendant's Exhibit 1. (The Request for Review of Hearing Decision/Order has five copies, with each copy designated for a different person or office. The five copies of the form are designated as "Claims Folder," "Claimant," "Representative Copy," "SSO Copy," and "Hearing Office File.")

Therefore, the letter from the ALJ informs a claimant that she can appeal the decision of the ALJ to the Appeals Council by mailing a request for review to the Appeals Council, or filing with the local office or hearing office. The Request for Review of Hearing Decision/Order form provides only that the appeal should be to "your local Social Security office." Plaintiff's attorney's standard practice, although complying with the ALJ's letter by mailing an appeal to the Appeals Council in Virginia, does not comply with the Request for Review of Hearing Decision/Order form.

A section of the Request for Review of Hearing Decision/Order form contains an "Acknowledgement of Receipt of Request for Review of Hearing Decision/Order," which is to be completed by the Social Security Administration. However, Plaintiff's attorney testified that she never receives anything back from the Social Security Administration acknowledging receipt of the appeal in any of her cases. If this is an accurate picture of how the Social Security Administration handles the Request for Review of Hearing Decision/Order forms, there seems to be no purpose for the multiple copies of the forms or the section for acknowledgment of receipt of the form.

Plaintiff's attorney testified that her office received two letters from the Social Security Administration after the filing of the appeal with the Appeals Council, and that copies of these letters were mailed by Plaintiff's attorney's office to Plaintiff.[5] The first letter, dated November 6, 1998, notified Plaintiff that the Social Security Administration had received Plaintiff's appeal, but that due to the large number of cases pending there would be a delay in ruling on the appeal. *See* Defendant's Exhibit 4. The second letter, dated May 15, 2000, informed Plaintiff that her appeal had been reviewed and denied by the Appeals Council. *See* Defendant's Exhibit 5.

Plaintiff's attorney testified that after receiving the denial of review by the Appeals Council she informed Plaintiff that she did not handle District Court appeals of Social Security cases, and that Plaintiff would need to find a different attorney if she wanted to appeal. Plaintiff testified that she then retained the Garrett Law Firm to handle this District Court action.

Defendant presented evidence that the Social Security Administration never received a Request for Review of Hearing Decision/Order form from Plaintiff, and that the letters presented by Plaintiff [Defendant's Exhibits 4 and 5] did not originate from the Social Security Administration. Defendant contends that no final decision has been entered on Plaintiff's Social Security claim, and that Plaintiff has therefore failed to exhaust her administrative remedies.

### FINAL DECISION REQUIREMENT

Based on the evidence presented by the parties, the Court finds that the letters dated November 6, 1998 and May 15, 2000 [Defendant's Exhibits 4 and 5] did not originate from the Social Security Administration and are *not* genuine. The Court additionally finds that Plaintiff has not presented sufficient evidence to support her claim that she filed a Request for Review of the Hearing Decision/Order with the Appeals Council. Plaintiff has not met her burden to establish, by a preponderance of the evidence, that a final decision was entered in Plaintiff's claim for Social Security benefits. In reaching this conclusion, the Court is persuaded by the following evidence presented by the parties.

The two letters which Plaintiff claims originated from the Social Security Administration are not in the standard form for such letters. The letters were addressed to Plaintiff's attorney; such letters are usually addressed to the Plaintiff with a copy to the Plaintiff's attorney.[6] The letters contain a "re," but contain no office code number and no social security number in the upper left-hand corner. The standard letter does not have a "re," but has an office code and the claimant's social security number in the upper left-hand corner. The letters have a type written date. The standard letter is dated with a date-stamp. The letters are much shorter than the standard letter, and one letter [Defendant's Exhibit 4] contains a sentence which is grammatically and logically incorrect.[7] Defendant's Exhibit 5, which

While the evidence does not explain how it happened in this case, the record in this case now contains three of the five copies of the Request for Review of the Hearing Decision/Order form. The "Hearing Office File" copy which Plaintiff testified her attorney told her to keep; the "Representative" copy obtained from Plaintiff's attorney's file during the hearing, and the "Claimant" copy which was attached to Plaintiff's Response to the Motion to Dismiss.

5. Plaintiff testified that she received a copy of the decision of the ALJ from the Social Security Administration. Plaintiff testified that

she received copies of the two letters [Defendant's Exhibits 4 and 5] from her attorney. Title 42 U.S.C. § 405(g) states that an individual has 60 days to appeal "after the mailing *to him* of notice of such decision". 42 U.S.C. § 405(g) (emphasis added).

6. Plaintiff testified and the record indicates that the decision of the ALJ was mailed to Plaintiff.

7. The first sentence in Defendant's Exhibit 4 states, "We have received a request of the Administrative's [sic] Law Judge's action on this case."

Plaintiff characterizes· as the "final decision" of the Appeals Council is purportedly signed by "C. Michael Sullivan," as "Appeals Council," Mr. Sullivan denies that the signature is his. In addition, he signs as "Appeals Officer," not "Appeals Council."

The Appeals Council has no record of having received a Request for Review of the Hearing Decision/Order form from Plaintiff. Plaintiff's Social Security Administration file does not contain a Request for Review of the Hearing Decision/Order, and does not contain the November 6, 1998 letter or the May 15, 2000 letter presented by Plaintiff. Plaintiff cannot locate the originals of either the November 6, 1998 or the May 15, 2000 letters. Plaintiff has not established that she mailed the Request for Review of the Hearing Decision/Order to the Appeals Council.[8]

Plaintiff has the burden to establish, by a preponderance of the evidence, that jurisdiction in this Court is proper. Absent a final decision of the Commissioner, this Court has no jurisdiction to review a decision by the Commissioner to deny benefits. The Court concludes that there was no final decision entered by the Social Security Administration on Plaintiff's claim for Social Security benefits. Defendant's Motion to Dismiss for Lack of Jurisdiction is **GRANTED.**

The troubling question of who created the November 6, 1998, and May 15, 2000, letters remains. This question does not need to be answered for the Court to resolve Defendant's pending motion to dismiss, and the Court is unable to answer this question based upon the evidence presented by the parties. Nonetheless, because of the serious nature of the issues raised, the Court urges the executive branch, possibly through the United States Attorney's office or the Social Security Administration, to investigate this issue and take any action that is appropriate based upon that investigation.

---

**8.** Plaintiff's only evidence on this issue was the vague testimony of Plaintiff's attorney and the attorney's legal assistant that the forms are usually mailed and probably were mailed in this case as well.