**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARRIE LIN ROBERTSON,

    Plaintiff - Appellant,

v.

DR. RICHARD MEINIG,

    Defendant - Appellee.

No. 03-1466
(No. 02-Z-1617)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, LUCERO,** and **O'BRIEN**, Circuit Judges.

Carrie Lin Robertson, proceeding pro se, appeals from the district court's dismissal of her complaint for lack of subject matter jurisdiction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

In August 2002, Robertson filed a complaint and a motion for leave to proceed pursuant to 28 U.S.C. § 1915. The Magistrate Judge granted Robertson leave to proceed pursuant to § 1915 and instructed her to amend her complaint to

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

clarify a jurisdictional basis for her claims and to specify how Meinig violated her rights. In her amended complaint filed on September 19, 2002, Robertson states that she and Meinig are both Colorado residents. She alleges that Meinig committed fraud, breach of contract, "mutany" and dishonorable conduct, presumptively in connection to the development of a new medical product. (Am. Compl. at 1.) She appears to seek compensatory damages, the return of "RABBIT'S recompacted leg," and the activation of the "Global Contract." (Id. at 4, 6.) In an order issued October 7, 2002, the district court dismissed the complaint for lack of subject matter jurisdiction, and on November 7, 2003, denied Robertson's request to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) for failure to present a reasoned, nonfrivolous argument.

Although not entirely clear, Robertson appears to request on appeal that we research her "global patent," activate the global contract, and offer Meinig "a chance to be part of the legal contract by legally releasing Barney's completely recompacted rear leg." (Appellant's Br. at 4.)

Based on our review of the record and the amended complaint, we conclude that the district court properly found that Robertson failed to assert a basis for subject matter jurisdiction in this action. See United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."). Robertson does not allege any violations of the Constitution, federal laws, or

treaties of the United States and therefore does not present a federal question pursuant to 28 U.S.C. § 1331. Nor does she meet the requirements for diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, the district court's dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction is **AFFIRMED**. Robertson's request to proceed pursuant to 28 U.S.C. § 1915 is **DENIED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge