GORSUCH, Circuit Judge,
concurring.
I agree we lack jurisdiction for two reasons. First, the parties haven’t offered any evidence suggesting that a judicial decision resolving their dispute would make any difference to either of them. Unlike the insurer in Aetna, for example, Banclnsure hasn’t argued that it requires a judi *1386 cial resolution to determine the level of reserves it must maintain. 300 U.S. at 239, 57 S.Ct. 461. For its part, Columbian hasn’t claimed that it had to purchase fallback coverage or suffered any other harm due to Banclnsure’s purported cancellation of the policy. In fact, and despite having fought the matter past summary judgment, neither party has shown any harm it is suffering (or has suffered) as a result of their differing contract interpretations — no lost business opportunity, no actual or potential expense, no emotional distress, not even the risk of a sleepless night. Without a record suggesting something is at stake in the outcome of this suit for the litigants, this case lacks a “substantial controversy ... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.” Medlmmune, Inc., 549 U.S. at 127, 127 S.Ct. 764. Of course, this hardly means we never have jurisdiction to settle insurance policy disputes unless and until losses are incurred or claims arise. No doubt a future plaintiff could — and likely could easily — show some harm resulting from a disagreement about whether he remains covered (or liable) for future losses, and do so well before any putatively insured loss or claim occurs. And under Aetna such a dispute would be “manifestly susceptible of judicial determination” under Article III because it would call “for an adjudication of present right upon established facts.” 300 U.S. at 242, 57 S.Ct. 461. The lack of a substantial and immediate controversy in this case is thus essentially peculiar to the proof the parties have — or, really, haven’t — presented in this case.
Second, there exists an even narrower reason why this case must be dismissed. Even assuming the district court had faced a justiciable Article III case or controversy when it granted summary judgment, any such dispute appears to have become moot during the pendency of this appeal. In December 2009, the district court issued a declaration that the policy’s coverage remained in effect until its stated expiration date of May 11, 2010. But by the time oral argument in this court took place, that date had come ’ and gone. And at oral argument both sides conceded that no claims had been filed during the policy period and on which they disagreed about Banclnsure’s insurance obligations. Neither have the parties suggested in their appellate briefs any way in which a decision by this court about the propriety of the district court’s declaratory judgment would make a difference to them now that the policy period has passed uneventfully. See Fed. RApp. P. 28(a)(4)(B) & 28(b)(1) (requiring parties to set forth a factual basis establishing appellate jurisdiction); United States v. Bustillos, 31 F.3d 931, 933 (10th Cir.1994) (noting that the “facts supporting jurisdiction must be affirmatively alleged”). All this means that even if a live dispute once existed, the parties have failed their obligation to show that it remains live now, rather than having come and gone, mooted by the march of time. The parties’ failure to do so, their failure to present a continuing basis for this court’s appellate jurisdiction, stands as an independent basis for dismissing this case. See Wyoming v. Dep’t of the Intenor, 587 F.3d 1245,1254 (10th Cir.2009).