**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 13, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR LUJAN,

Defendant - Appellant.

No. 22-2014
(D.C. No. 1:12-CR-00268-JB-1)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Oscar Lujan appeals from the district court's denial of his petition for a writ of

coram nobis.  In his petition, Mr. Lujan sought the vacatur of his 2012 conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The

government did not oppose Mr. Lujan's request for coram nobis relief, but the district

court denied the writ.  On appeal, Mr. Lujan and the government both argue that the

district court should have granted coram nobis relief.  We agree.  Accordingly, we

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reverse and remand to the district court with instructions to grant the writ and vacate Mr. Lujan's conviction.

## I.  Background

In 2005, Mr. Lujan was convicted in state court of the New Mexico crime of larceny (over $250).  He received a deferred sentence.  In 2007, after he successfully completed the conditions for his deferred sentence, the case was dismissed.

In 2012, Mr. Lujan pleaded guilty in federal court to being a felon in possession of a firearm, in violation of § 922(g)(1).  That statute prohibits a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," from possessing a firearm.  § 922(g)(1).  As part of his plea agreement, he admitted he had previously been convicted of the New Mexico larceny offense, "which was at the time of conviction punishable by imprisonment for a term exceeding one year."  R., vol. I at 30 (internal quotation marks omitted).

Mr. Lujan was sentenced to 18 months in prison on his § 922(g)(1) conviction followed by a two-year term of supervised release.  Consistent with the terms of his plea agreement, he did not appeal his conviction or sentence and he did not collaterally attack his conviction or sentence through a 28 U.S.C. § 2255 motion.  He completed his term of supervised release in July 2015.

While Mr. Lujan was serving his term of supervised release, the New Mexico Supreme Court issued a decision answering a certified question from this court in a § 922(g)(1) case.  *See United States v. Reese*, 326 P.3d 454, 455, 456 (N.M. 2014).  *Reese* confirmed "that upon the satisfactory completion of all conditions for a

deferred sentence and the resulting dismissal of all charges, New Mexico restores a person's civil rights." *Id.* at 455. And a conviction does not count as a conviction for purposes of § 922(g)(1) if the defendant "has had civil rights restored." 18 U.S.C. § 921(a)(20). Thus, the completion of a deferred sentence in New Mexico removes the conviction from the purview of § 922(g)(1).

In 2019, the Supreme Court addressed an unrelated question: the mens rea requirement of § 922(g). It held in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), "that in a prosecution under 18 U.S.C. § 922(g) . . . , the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." This was a change in how this court, and every other court of appeals to address the issue, had interpreted the statute's elements. *See id.* at 2210 & n.6 (Alito, J., dissenting).

One year later, Mr. Lujan filed his petition for a writ of coram nobis attacking his § 922(g)(1) conviction for being a felon in possession. Mr. Lujan argued his guilty plea was unknowing and involuntary because the magistrate judge who accepted it had not informed him of the statute's true elements, which under *Rehaif* required the government to prove he knew he was a felon. He contended that this violated his Fifth Amendment rights to due process and that his conviction should be vacated.

Mr. Lujan next asserted that he was not a felon. He explained that "[s]tate law governs whether a state court judgment constitutes a qualifying 'conviction[,]' [] § 921(a)(20)," and relied on *Reese* for the proposition that "[u]nder New Mexico

3

law 'the dismissal of charges following the successful completion of a deferred sentence equate[s] to an automatic restoration of civil rights.'" R., vol. I at 33 (quoting *Reese*, 326 P.3d at 462).

Mr. Lujan argued he had established his entitlement to coram nobis relief because he had valid reasons for not attacking his conviction earlier because *Rehaif* was not decided until 2019, the usual remedy under § 2255 was not available because he is no longer in custody, there was a fundamental error, and his conviction is invalid because the conduct he admitted to was not a crime.

The government filed a response in which it stated it did not oppose Mr. Lujan's request for coram nobis relief, specifically noting it would not be in the public interest to do so. The district court held a hearing on the petition, and then asked the government to file a supplemental brief. In that brief, the government reiterated its support for Mr. Lujan's coram nobis petition, again explaining its belief "that opposing coram nobis relief would not be in the public's interest in these very specific circumstances." *Id.* at 56 (internal quotation marks omitted).

The district court denied relief, however, concluding that (1) coram nobis could only be used to correct factual, not legal errors, and (2) Mr. Lujan had not been diligent in seeking relief. Mr. Lujan now appeals. The government filed a response brief in support of Mr. Lujan's appeal, arguing the district court should have granted his petition.

4

II.  Discussion

 "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) (italics and internal quotation marks omitted).  The writ exists "to correct errors that result in a complete miscarriage of justice." *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (internal quotation marks omitted).  And it is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted).

To be entitled to coram nobis relief, the petitioner must exercise due diligence in seeking the writ.  *Klein*, 880 F.2d at 254.  In addition, the petitioner must have no "alternative remedies," *Denedo*, 556 U.S. at 911, and the writ may not be used to litigate issues that were or could have been raised on direct appeal or in a collateral attack, *United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019).  Finally, "the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice."  *Klein*, 880 F.2d at 253.

"[W]e review the district court's factual findings for clear error, its rulings on questions of law de novo, and its ultimate decision to deny the coram nobis writ for abuse of discretion." *United States v. Lesane*, 40 F.4th 191, 196 (4th Cir. 2022).

"A district court abuses its discretion when it commits an error of law . . . ." *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252 (10th Cir. 2006).

Although the procedural vehicle in this appeal is unusual, the question is simple: whether Mr. Lujan's conviction for an offense he did not commit should be vacated. As the government persuasively argues in support of Mr. Lujan's appeal, "[t]he district court should have granted Lujan the writ of coram nobis, a writ that he sought with the government's support. To be sure, the writ is a rare and extraordinary measure reserved for cases where justice demands its use—but Lujan's case is such a situation." Aplee. Br. at 5. Because "Lujan is actually innocent of the crime for which he was convicted," the government contends "the district court erred in not granting him relief from that conviction through a writ of coram nobis." *Id.* at 17. We agree. We conclude the district court abused its discretion in denying the writ by committing two legal errors.

First, the district court determined it could not grant coram nobis relief because of its belief that coram nobis was only available to correct factual errors. Although the writ of coram nobis was originally a common-law remedy, the Supreme Court held in *United States v. Morgan*, 346 U.S. 502, 506-07, 511, 513 (1954), that a federal district court possesses the authority through the All Writs Act, 28 U.S.C. § 1651(a), to issue a writ of coram nobis and vacate a criminal conviction after a sentence has been served. And while the writ was limited at common law to factual errors, the Supreme Court has explained that "in its modern iteration coram nobis is broader than its common-law predecessor" and can "issue to redress a fundamental

6

error." *Denedo*, 556 U.S. at 911 (italics omitted).  The Court then described the writ as "an extraordinary tool to correct a legal or factual error."  *Id.* at 912-13; *see also Ragbir v. United States*, 950 F.3d 54, 61-62 (3d Cir. 2020) (explaining that the Supreme Court in *Morgan* "broadened the scope of coram nobis relief beyond that of curing factual errors," and so "[c]oram nobis became a collateral remedy to correct fundamental errors, whether factual or legal"); *United States v. Wilkozek*, 822 F.3d 364, 368 (7th Cir. 2016) (explaining that "the scope of the writ has been broadened in modern times to claims of both legal and factual error, but only in criminal cases"); *United States v. George*, 676 F.3d 249, 253 (1st Cir. 2012) ("In federal criminal cases, the writ is now available as a remedy of last resort for the correction of fundamental errors of fact or law.").  Because the writ may be used to correct legal errors, as well as factual errors, the district court erred when it concluded otherwise.

Second, the district court determined that coram nobis relief was not appropriate because Mr. Lujan had not been diligent in pursuing his claim.  The court acknowledged, however, that "[a]ctual innocence constitutes a valid reason for delay."  R., vol. I at 100.  But the court concluded that Mr. Lujan was not actually innocent because he was asserting only legal errors in his conviction.  The court erred in reaching that conclusion because it did not apply the correct standard for determining whether Mr. Lujan is actually innocent, and his assertion of a legal error does not alter the actual-innocence analysis.

The Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), is instructive.  In *Bousley*, the petitioner pleaded guilty to using a firearm in

7

violation of 18 U.S.C. § 924(c)(1).  523 U.S. at 616.  The Supreme Court

subsequently issued a decision interpreting § 924(c)(1)'s "use" prong to require the

government to show "'active employment of the firearm.'"  *Id.* (quoting *Bailey v.*

*United States*, 516 U.S. 137, 144 (1995)).  The petitioner sought collateral relief

under § 2255, raising a claim of legal error similar to Mr. Lujan's—that his guilty

plea was not knowing and intelligent because he had been misinformed of the

elements of the charged crime.  *Id.*  Although the petitioner had procedurally

defaulted his claim by failing to raise it on direct appeal, *id.* at 621, the Court

explained that his claim could still be reviewed if he could establish his actual

innocence, *id.* at 623.  The Court further explained that a petitioner can establish his

actual innocence if he "demonstrate[s] that, in light of all the evidence, it is more

likely than not that no reasonable juror would have convicted him."  *Id.* (internal

quotation marks omitted).  The Court then remanded to give the petitioner the

opportunity to make a showing on actual innocence, noting that to do so he "need

demonstrate no more than that he did not 'use' a firearm as that term is defined in

*Bailey*."  *Id.* at 624.

   After *Bousley*, we "recognize[d] that as a general rule a claim of actual

innocence can be based on the failure to establish an element of the offense on which

the defendant was prosecuted."  *Pacheco v. El Habti*, 48 F.4th 1179, 1190

(10th Cir. 2022) (citing *Bousley*, 523 U.S. at 623-24, and *United States v. Bowen*,

936 F.3d 1091, 1108 (10th Cir. 2019)[1]).  Mr. Lujan satisfies the standard for actual

innocence because no reasonable "properly instructed juror[]," *Schlup v. Delo*,

513 U.S. 298, 329 (1995), would have found him guilty of violating § 922(g)(1).  To

prove Mr. Lujan violated § 922(g)(1), the government would need to show that he

had a qualifying felony conviction within the meaning of § 922(g)(1), and that he

knew he was a felon when he possessed the firearm, *see Rehaif*, 139 S. Ct. at 2194.

No reasonable juror could resolve those factual questions against Mr. Lujan on the

evidentiary record.

It is undisputed that Mr. Lujan successfully completed the conditions of his

deferred sentence for the New Mexico crime of larceny and that the charge was

dismissed, *see* R., vol. I at 30, 40-41, which resulted in an automatic restoration of

his civil rights, *see Reese*, 326 P.3d at 462.  Section 921(a)(20) explains that "[a]ny

conviction . . . for which a person . . . has had civil rights restored shall not be

considered a conviction for purposes of" § 922(g)(1).  It was therefore not illegal for

Mr. Lujan to possess a firearm because he did not have a qualifying felony conviction

within the meaning of § 922(g)(1).  As we recently reiterated, "the core idea of actual

---

[1] In *Bowen*, the defendant "challenge[d] his conviction for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), which rested on the trial court's instruction that witness retaliation was a crime of violence under 18 U.S.C. § 924(c)(3)." 936 F.3d at 1095.  Relying on the Supreme Court's recently issued decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that § 924(c)(3)(B) is void for vagueness, and our determination that the defendant's convictions for witness retaliation did not qualify as crimes of violence under § 924(c)(3)(A), we concluded that the defendant was actually innocent of his § 924(c)(1) conviction.  *Bowen*, 936 F.3d at 1095, 1108.

innocence is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Pacheco*, 48 F.4th at 1189 (internal quotation marks omitted). Because his § 922(g)(1) conviction is based on conduct that was not prohibited by law, Mr. Lujan is actually innocent.

Turning back to the considerations for granting coram nobis relief, we conclude Mr. Lujan has established his entitlement to the writ and to have his conviction vacated. Both Mr. Lujan and the government assert that Mr. Lujan was diligent in filing his petition because he filed it within one year of the *Rehaif* decision. The government acknowledges that the *Reese* decision came out six years before Mr. Lujan filed his petition and reiterates its belief that "*Reese* is essential to Lujan's entitlement to relief." Aplee. Br. at 13. But the government also contends "it is doubtful that Lujan had a basis for a coram nobis petition until *Rehaif* provided him a constitutional hook in 2019." *Id.* at 15. It explains that "[w]hile *Rehaif* is a case of statutory interpretation, it gave rise to Lujan's claim that he was unaware of the elements of the charged offense when he pleaded guilty, which is a constitutional error." *Id.* (citing *Bousley*, 523 U.S. 618-19). But we need not resolve the question of whether *Reese* or *Rehaif* should have triggered Mr. Lujan to file his petition because he is actually innocent, and, as the district court correctly noted, "[a]ctual innocence constitutes a valid reason for delay," R., vol. I at 100 (citing cases); *see also Lesane*, 40 F.4th at 201 ("Because this is a clear case of actual innocence . . . a delayed coram nobis petition should not ordinarily bar relief.").

10

Likewise, Mr. Lujan's actual innocence excuses his failure to seek relief through a direct appeal or § 2255 motion. *See Miles*, 923 F.3d at 806 (noting that actual innocence provides an exception to raise procedurally barred claims in a coram nobis proceeding); *see also Bousley*, 523 U.S. at 623 (permitting review of procedurally defaulted claim in § 2255 proceeding when petitioner makes a showing of actual innocence). And he has no alternative remedies because he is no longer in custody. *See Chaidez*, 568 U.S. at 345 n.1 (explaining that coram nobis provides the way to collaterally attack a conviction when a petitioner is no longer in custody and is unable to seek relief through a § 2255 motion).

Finally, Mr. Lujan has identified a constitutional error that results in a miscarriage of justice. As the Supreme Court has recognized, "[a] plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent" and "a plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (internal quotation marks omitted). Here, the magistrate judge who took his plea failed to inform Mr. Lujan that the government had to prove his knowledge of his status. This fundamental constitutional error led to a miscarriage of justice because Mr. Lujan was convicted for an act that the law does not make criminal. *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (explaining that a conviction and punishment "for an act that the law does not make criminal . . . inherently results in a complete miscarriage of justice" (internal quotation marks omitted)). We therefore conclude Mr. Lujan has

11

demonstrated his entitlement to a writ of coram nobis. *Cf. United States v. Bustillos*, 31 F.3d 931, 934 (10th Cir. 1994) (explaining that "a writ of error coram nobis is available only to correct errors resulting in a complete miscarriage of justice" and concluding that standard was not met because "[t]he defendant does not assert his innocence of the charge to which he pleaded guilty" (italics omitted)); *see also Lesane*, 40 F.4th at 201 (discussing the requirements for coram nobis relief and explaining that "it is difficult to imagine an error of a more fundamental character than a conviction for an offense the person did not commit").

III.  Conclusion

We reverse the district court's judgment and remand with instructions to grant the writ and vacate Mr. Lujan's § 922(g)(1) conviction.  We grant Mr. Lujan's motion to withdraw his request for oral argument and to submit his appeal on the briefs.

Entered for the Court

Gregory A. Phillips
Circuit Judge