**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAVIER SANTOS-SAVERA,

    Defendant - Appellant.

No. 02-4058
(D.C. Nos. 2:02-CV-059-C and
2:98-CR-526-C)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

---

Javier Santos-Savera pled guilty to illegal reentry as a deported alien, was sentenced on September 3, 1999, and did not appeal. (Aplt. B. at 3.) On January 22, 2002, a year and four months afterwards, Santos-Savera filed an action under 28 U.S.C. § 2255 to have his sentence set aside. (Id.) The Antiterrorism and

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Effective Death Penalty Act of 1996 (AEDPA), however, bars collateral attacks brought more than a year from the date a sentence becomes final.  See 28 U.S.C. § 2255 (establishing a one-year limitations period).

In the district court, Santos-Savera argued that AEDPA's statute of limitations should be equitably tolled because, during the year in which Santos-Savera could have filed, he had been incarcerated in a state facility without § 2255 forms, federal law books or Spanish-speaking inmates to assist him in drafting legal documents.[1]  (Dist. Ct. Slip Op. at 3.)  The district court found, however, that Santos-Savera had asserted neither that the government was required to provide these resources to him, nor that he had attempted to gain access to them in any manner.  (Id. at 2.)  As there was then no evidence that lack of legal assistance had prevented Santos-Savera from filing his petition within the time period provided for by AEDPA, he was not entitled to have its statute of limitations equitably tolled.  (Id. at 3.)

---

[1]  Although he does not cite either of these arguments on appeal, Santos-Savera further asserted in district court that AEDPA's statute of limitations should not apply because he had not been in "custody" for purposes of invoking § 2255 before transfer to federal authorities, and because the doctrine of audita querela should allow the court to issue an extraordinary writ. (Dist. Ct. Slip Op. at 2.)  First, the district court correctly noted that petitioners incarcerated by states are in "custody" for purposes of bringing § 2255 actions.  (Id.) (citing United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994)).  Second, citations to the antiquated doctrine of audita querela were unavailing given that the form of pleading had been abolished in the federal system by Fed. R. Civ. P. 60(b).  (Id. at 4); see also Black's Law Dictionary 120 (5th ed. 1979).

Now in his petition for a certificate of appealability, Santos-Savera both argues that the district court reviewed his application for equitable tolling under too harsh a standard, and raises a new argument about ineffective assistance of counsel.  (Aplt. B. at 2, 6.)  Santos-Savera's first argument is without merit as will be discussed, and his second argument is waived because he failed to raise it below.  In re Walker, 959 F.2d 894, 896 (10th Cir. 1992) (holding that issues not raised in the district court are waived on appeal); Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) (same).

Santos-Savera's argument that the district court reviewed his application under too harsh a standard cites cases holding that a pro se plaintiff's filings should be examined more leniently than had he been represented by outside counsel.  (Aplt. B. at 7 - 8) (citing Haines v. Kerner, 404 U.S. 519 (1972), and Sanders v. United States, 373 U.S. 1 (1963)).  But this leniency applies to the examination of technical language in pleadings rather than to their substantive content.  See, e.g., Whitney v. New Mexico, 113 F.3d 1170, 1173 - 74 (10th Cir. 1997) ("This court . . . will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or [to] construct a legal theory on [his] behalf.").  Here, as the district court properly found, Santos-Savera's pleadings lacked important substantive content in failing to allege that the government was

required to provide specific legal resources to him, or that he in any way attempted to gain access to such resources.

Accordingly, for substantially the reasons stated by the district court, we decline to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This appeal is DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge